## CHARLES TREAT'S APPEAL FROM PROBATE.

A testator made the following bequest :—" I give and bequeath to *A B*, *C D* and *E F*, and to their successors forever, (who shall as a board of trustees add to and perpetuate their number, so long as in their opinion the objects of this bequest shall require it,) all my estate, to be held by them in trust, for the promotion of education among the Indian and African children and youth of the United States or elsewhere, as in their judgment they shall deem best. I leave it entirely with them to decide in what manner to expend the bequest to secure this object, either by using the principal for the education of a number of youth, and thus prepare them for immediate usefulness ; or to use only the annual interest, and educate a smaller number, and thus continue ; or if they shall judge it best, let them use the whole amount and establish an academy, to be a lasting benefit to that class of my fellow men for whose benefit I have given all my property ; wishing it to be used in that way, time, and place which they shall judge best, after due consideration upon the condition that the people of color shall be in, in the United States, at the time that this bequest shall be at their disposal." Held, that the bequest was not void for uncertainty, either as to the beneficiaries of the charity, or as to the mode of carrying the charity into effect.

A trust will not be allowed to fail for the want of a trustee.

Especially is this so as to public charities, for the security and perpetuity of which the statute of 1702 provides.

APPEAL from the judgment of a probate court, denying a petition of one of the heirs of Homer Treat for a distribution of his estate among his heirs at law.

Homer Treat died in 1855, leaving a will, the important part of which was as follows:—

" I give, devise and bequeath to [sundry persons named] and to their successors forever, (who shall as a board of Trustees add to and perpetuate their number, so long as in their opinion the objects of this bequest shall require the existence of the same,) all my estate as aforesaid, to be held by them in trust for the promotion of education and science among the Indian and African children and youth of the United States of America, or elsewhere, as in their judgment they shall deem best.  I leave it entirely with them to decide in what manner to expend this bequest to secure the object for which it is designed, either by using the principal for the education of a number of children or youth, and thus prepare them for immediate usefulness to their fellow men, or only use the annual interest, and educate a smaller number, and thus continue ; or if they shall judge it to be for the best, let them use the whole amount and establish an academy, which shall be destined to be a lasting benefit to that class of my fellow creatures for whose benefit I have most freely given all my property ; wishing it to be used in that way, and at such a time, and in that place, which they shall judge best, after due consideration upon the condition that the people of color shall be in, in the United States, at the time that this bequest shall be at their disposal.  I wish it to be constantly and distinctly impressed upon the mind, that this bequest is given expressly for that, and for no other purpose, but for the promotion of the intellectual and scientific knowledge of those unfortunate and hitherto abused fellow men above named."

The petition to the court of probate prayed for a distribution of the estate among the heirs at law, on the ground that

the above bequest was void. The probate court denied the petition, and the petitioner appealed to the superior court, by which court the case was reserved for the advice of this court.

*A. S. Treat,* for the appellant.

The bequest is void for uncertainty. Its provisions are too indefinite to be carried out. The object of the testator, as expressed by the will, was " the promotion of education and science among the Indian and African children and youth of the United States or elsewhere." He has provided three modes to secure the object he had in view, in either of which the trustees may expend the bequest as they may choose. 1st. They may " use the principal, and educate a number of children and youth, and thus prepare them for immediate usefulness, &c.," or 2d, " use the annual interest and educate a smaller number, and thus continue," or 3d, " use the whole amount and build an academy, &c." The two first modes do not point out what children and youth or what number are to be educated, or what kind or amount of education is to be given them. To carry into effect the second would require the powers of a corporation. The third mode is still more objectionable. When the academy is finished what shall be done with it, and who shall receive the benefits of it, and who shall take care of it ? The duties of the trustees would be ended when they had expended the " whole amount " of money, and of course their powers would be ended. The will gives the trustees no discretion except to select which they think best of the three modes specified, and, if it did, how could they exercise it ? How could they tell when a child or youth was " prepared for usefulness ? " *White* v. *Fisk,* 22 Conn., 31. But if only one of the three modes is void, all are void. Further, the power attempted to be given to the trustees to appoint their successors is void, because no testator can create a board of trustees with corporate powers. It being so, there would be a failure of trustees on the death or resignation of those named in the will, which could not be supplied by a court of chancery, since they are to have discretionary powers.

*Hubbard* and *Giddings*, for the appellees, cited *Bull* v. *Bull*, 8 Conn., 50 ; *Mason* v. *Jones*, 2 Barb., 230 ; *Loscomb* v. *Wintringham*, 7 Eng. L. & Eq., 164, and note ; *Wender* v. *Smith*, 2 Jones (Law,) 327 ; and 4 Kent Com., 534.

ELLSWORTH, J. We have none of us entertained a doubt that the court of probate was correct in refusing to order a distribution of the estate in question.

The application for a distribution proceeded on the ground that the charitable bequest to the trustees named was void for uncertainty, both as to the beneficiaries of the charity and as to the mode of carrying the charity into effect. But in both these particulars we think the will is clear of objection. As to the objects of the charity, what can be more unambiguous and certain than the language of the will—" in trust for the promotion of education and science among the Indian and African children and youth of the United States of America;" and as to the manner of doing it, what more clear than the provision that it shall be done " as in their (the trustees') judgment they shall deem best." The class is certain and the individuals to be selected from it may be made as certain by the election of the trustees. Were no mode of selection pointed out in the will there might be force in the objection ; but there is a mode. The beneficiaries are to be selected by the trustees, and when selected are to enjoy the charity in greater or less proportions from year to year, or in such form as the trustees may think best. The will has nothing of that indefiniteness as to its object or as to the mode of its execution which has defeated charitable bequests in the cases read to us on the trial.

The law on this subject is, we suppose, well settled in this state, (though somewhat different from what it is in England, under the doctrine of *cy pres* which prevails in their court of equity,) requiring certainty in the persons to be benefited, and an ascertained mode of selecting them if they are to be taken from a definite class. Here they are to be selected by the trustees, who are, by the provisions of the will, invested with most ample powers for that purpose ; a sacred regard to the wishes

of the testator being the only restriction or limitation imposed. See the case of *Bull* v. *Bull*, 8 Conn., 48, and the elaborate discussion of the question in the case of *The American Bible Society* v. *Wetmore*, 17 Conn., 182, which last was the case of a devise to an unincorporated society. In *White* v. *Fisk*, 22 Conn., 53, the same general doctrine will be found. There a certain clause of the will of the late Judge Hitchcock was attacked, on the ground of its indefiniteness as to the mode of selecting the objects of his bounty. He had provided in his will no way of selecting the beneficiaries from a class, and the court held that they could not, even as a court of equity, do it for him. Had that power been given to his executors or trustees the clause in the will would have been sustained, and Judge Hitchcock would not have been disappointed in his benevolent purpose.

It was said on the argument, that as these trustees are not a body corporate, and have no legal successors except so far as they may be appointed from time to time by the trustees, the trust may fail for the want of persons to uphold the title. But this is not so. This court held the contrary in the case of *American Bible Society* v. *Wetmore*, before referred to, and such is the doctrine of the books. A trust never fails for the want of a trustee. If need be equity will provide one ; and beyond that the legislature will grant its aid. This is especially so in the case of public charities, as to which the statute of 1702 has interposed and given them perpetuity, as much so as the statute of 43 Elizabeth would be held to have done in the English court of chancery.

For these reasons we advise the superior court to affirm the judgment of the probate court.

In this opinion the other judges concurred.