THOMAS WHITSON et al., Executors, etc., Appellants. *v.* ELIZA C. WHITSON, Respondent.

As a general rule a bequest of the interest of a particular sum will not be construed as giving an annuity, although made payable annually, but will be regarded simply as the gift of the income or interest of the specified sum.

W. bequeathed to his wife the life use of $10,000, directing his executors to pay her the lawful interest of said sum semi-annually, and after her decease said sum to pass to any heirs his wife should have by him; if none, then to his son O., with the residue and remainder of his estate, etc. *Held,* that the bequest was of the income of the sum specified, not an annuity of $700; and that the taxes and expenses of the trust should be paid out of such income, and not out of the estate.

(Argued September 26, 1873; decided September 31, 1873.)

APPEAL from an order of the General Term of the Supreme Court in the second judicial department, affirming a decree of the surrogate of Queens county made on the final settlement of the accounts of plaintiffs, as executors of the estate of Charles J. Whitson, deceased.

Said Whitson died in the year 1868, leaving a last will and testament, which contained the following bequest: "I give and bequeath to my beloved wife, Eliza C. Whitson, the life use of the sum of ten thousand dollars ($10,000), directing my executors to semi-annually pay to her the lawful interest of the said sum of $10,000 from the day or date of my death; and after the decease of my widow this $10,000 to descend and pass to any heir or heirs my said wife should have by me; and if no such heir or heirs, I hereby give and bequeath the same to my son, Oliver Whitson, with all other, rest, residue and remainder of my estate, excepting the sum of $1,000, I give and bequeath to my daughter, Mary Vanderveer."

The executors having paid the taxes on the principal sum of $10,000, out of the interest received by them, paid the balance of the interest to the widow of the testator, Eliza C. Whitson. On the final accounting she claimed the whole of the interest, without any deduction for taxes or commissions. The surrogate sustained that claim, and ordered the said executors to pay to her the sum of $745, being the amount theretofore deducted by them from the interest for taxes and commissions; and further ordered that they should thereafter pay to the said Eliza C. Whitson the sum of $700, without any deduction therefrom for taxes or commissions.

*William H. Onderdonk* for the appellants. Defendant could only take, under the will, the interest of the $10,000 after deducting the taxes and expenses of the trust. (*Lansing* v. *Lansing*, 1 Abb. Pr. [N. S.], 280; *Pinckney* v. *Pinckney*, 1 Bradf., 269; *Lawrence* v. *Holden*, 3 id., 142; *Booth* v. *Amerman*, 4 id., 129; *Ex parte McComb*, id., 151; *Drake* v. *Price*, 5 N. Y., 430; Dayton on Surr., 419–466; 2 Redf. on Wills, 125.)

*Jno. J. Armstrong* for the respondent. The intention of the testator, if not inconsistent with the rules of law, must prevail. (*Cowenhoven* v. *Shuler*, 2 Paige, 122; *Pond* v. *Bergh*, 10 id., 140; *Christie* v. *Phyfe*, 19 N. Y., 344, 348;

*Gibson* v. *Walker*, 20 id., 476.) It was evident the testator intended this bequest to be an annuity. (*Pierpont* v. *Edwards*, 25 N. Y., 128; Bouv. L. D., title "Annuity;" *Nelson* v. *Maddison*, 2 Y. & Coll. Ch. C., 372; *Robinson* v. *Townsend*, 3 Gill & J., 413; *Gray* v. *City of Boston*, 15 Pick., 376; *Sweet* v. *City of Boston*, 18 id., 123; *Brinlecum* v. *Haven*, 12 Cush., 511; *Craig* v. *Craig*, 3 Barb. Ch., 66; *Morley* v. *Mitchell*, 22 N. Y., 200.)

GROVER, J. The question in this case is whether the bequest to the respondent was the use and income of $10,000 during her life, or an annuity of $700 payable semi-annually for the same period. If the former, the taxes upon the fund and expenses of the trust must be paid out of the income. (*Lansing* v. *Lansing*, 1 Abbott [N. S.], 280; *Pinckney* v. *Pinckney*, 1 Bradf., 269; *Lawrence* v. *Holden*, 3 id., 142; Williams on Exrs., 1398; Dayton on Surrogate, 419, 466.) If the latter, it is equally clear that that sum must be paid to her from the estate without any deduction on account of taxes imposed upon the fund producing the annuity, but these must be paid out of the estate. There is no conflict of authority upon this point. The question in the cases has uniformly been whether the testator intended to give the income of specified property or a specific sum of money as an annuity. In determining this there has been some conflict in the construction of instruments, but all the cases concur in holding that in this, as in other questions of the construction of wills, the intention of the testator must govern.

The language of the present bequest is: "I give and bequeath to my beloved wife, Eliza· C. Whitson, the life use of the sum of $10,000, directing my executors to semi-annually pay to her the lawful interest of the said sum of $10,000 from the day or date of my death, and after the decease of my widow this $10,000 to descend and pass to any heir or heirs my said wife shall have by me; and if no such heir or heirs, I hereby bequeath the same to my son

Oliver Whitson, with all other rest, residue and remainder of my estate, excepting the sum of $1,000 I give and bequeath to my daughter, Mary Vanderveer." By the latter clause it will be seen that the testator gave to his son a remainder in the sum of $10,000, the use of which he had given to his wife, after her decease, contingent upon his having no heir by her; and that he gave to him absolutely all the rest of his estate, except $1,000, which he gave to his daughter. This is entirely inconsistent with an intention to devote any part of the estate to the payment of the taxes, during the life of his wife, upon the $10,000, the use of which he had given to his wife for life, and upon her death to such heirs as he might have by her, and if none, to his son. Had he had any such intention he would not have made an absolute disposition of the entire residue to his son over and above the $10,000 in question and the $1,000 given to his daughter. Had he intended to give his wife an annuity of $700 a year without abatement for taxes, etc., he would not have given her the use of $10,000. This is inconsistent with such an intention. This language must be rejected if that construction is adopted. The direction to his executors to pay her the lawful interest of the said sum of $10,000 semi-annually, is entirely consistent with an intention to give her the income thereof. The testator directed his executors to make investments for the purpose of paying his legacies. He doubtless thought that the $10,000 could be invested at lawful interest, payable semi-annually, and this interest he directed so to be paid to his wife; that the fund invested would be subject to taxation was not probably thought of by him. Had it been, and had he designed that the taxes should not be paid from the interest, he would so have declared; not having done so, the law provides that they shall be paid from the income. Redfield on the Law of Wills (part 2, 453) says: "It seems to be well settled in the American courts, that as a general thing the bequest of the interest of a particular sum will not be construed the same as giving an annuity of the same amount, although payable annually, but it will be

regarded simply as the gift of the income or interest of that amount." In this case the testator has done more; he has given the use of $10,000 to his wife, and directed the investment thereof by his executors, and the payment of the lawful interest thereof to her. Using the word lawful as descriptive of the interest to be paid, adds nothing to the word interest; that, when used in the absence of anything else to show the meaning, is always understood to be lawful interest.

The judgment of the Supreme Court affirming the decree of surrogate must be reversed, and a judgment entered reversing that decree, and directing the surrogate to allow the appellants the amount of taxes paid by them upon the $10,000, and their commissions, and charge the same to the respondent; costs of the appellants to be paid from the estate; no costs to the respondent from the estate or against any of the other parties.

All concur.

Ordered accordingly.