KINGS COUNTY.—HON. J. I. BERGEN, SURROGATE.—
April, 1885.

REYNOLDS *v.* REYNOLDS.

*In the matter of the judicial settlement of the account of* ANN REYNOLDS, *as executrix of the will of* THOMAS REYNOLDS, *deceased.*

While it is the general rule, that as between life tenant and remainder-man, taking under a will, the expenses of administering the trust must be borne by the former, and paid out of the income, the same is sub-ject to exceptions, as *ex. gr.*, in the case of a disposition of the residue, to ascertain the amount of which such expenses are necessarily incurred.

Testator, by his will, after directing his executors to pay all his just debts

and funeral and testamentary expenses, and making certain specific bequests, gave the net residue and remainder of his estate to his executors, in trust to manage the same, collect the income, and, after ·deducting all proper costs, charges and expenses pertaining to the trust, to pay over the net residue of rents, etc., to his wife for life with remainder over; and appointed his wife and another, executrix and executor thereof. The widow alone qualified. Upon the judicial settlement of her account *as executrix*, had with a view to handing over the funds to a trustee,—

*Held*, that the expenses of administration and commissions were chargeable to the *corpus* of the estate.

Whitson v. Whitson, 53 *N.Y.*, 479; Cammann v. Cammann, 2 *Dem.*, 211—distinguished.

HEARING of objections interposed, in behalf of decedent's children, to the account filed by the executrix of his will, in proceedings for judicial settlement. The facts appear in the opinion.

S. M. & D. E. MEEKER, *for executrix*.

WALTER L. LIVINGSTON, *special guardian*.

THE SURROGATE.—The testator, Thomas Reynolds, by his will, which was duly admitted to probate by this court on June 5th, 1883, after bequeathing certain specified articles to his widow, gives the rest, residue and remainder of his estate to the executors therein named in trust, to manage, control and invest from time to time, or keep invested the same in real estate, bonds, stocks or bond and mortgage, as they, she, or he shall deem best, and collect and receive the rents, interest, dividends, issues, income and profits thereof, and after deducting all proper costs, charges and expenses pertaining to the trust, to pay over the net residue of such rents, interest, dividends, etc., to his wife during her life, and, after her death, to his son during his life.

The testator died on May 18th, 1883. His executrix now submits her accounts and asks that the same be judicially settled.

\*　　\*　　\*　　\*　　\*　　\*

The special guardian for the infant urges that the items for expenses of administration and the executor's commissions, should be charged to the life tenant. The life tenant is the only executor who has qualified. The other executor named in the will proposes to qualify as trustee, upon the settlement of Mrs. Reynolds' accounts.

There is no doubt that the general rule is that, where the income is given to one person for life, and the principal and remainder to another party, the life tenant must bear the expenses connected with the trust, the same to be paid out of the income. But in this case the estate is in the hands of Mrs. Reynolds as executrix, and is in process of being administered; and until that is done, the rest, residue and remainder given by the third clause of the will cannot be ascertained. After her accounts shall be judicially settled in the proceedings now pending, the decree will fix an amount to be held by the trustee, pursuant to the trust imposed by the will.

I do not think that the cases, cited by the learned counsel, of Whitson v. Whitson (53 *N. Y.*, 479) and Cammann v. Cammann (2 *Dem.*, 211) go as far as to charge the executors' commissions and the expenses of the administration of the estate upon the life tenant of the rest, residue and remainder; for until the executors' accounts have been judicially settled,

the amount of the rest, residue and remainder cannot be ascertained.

In the case of Whitson v. Whitson (*supra*), there was a bequest to Eliza C. Whitson of the life use of the sum of $10,000, and the executors were directed to semiannually pay to her the lawful interest of the said sum of $10,000, from the day or date of testator's death; and the question was—whether the widow (Eliza C. Whitson) was entitled to an annuity of $700 a year without an abatement for taxes, etc., or the income to be derived from the investment of $10,000, less the taxes.: It was held that the legacy was not an annuity, but simply a gift of the interest of that amount.

And in the case of Cammann v. Cammann (*supra*), there had been a previous decree fixing the rest, residue and remainder of the decedent's estate in accordance with the direction of testator's will, which was set apart to his executors as trustees, and the income derived therefrom applied to the benefit of the decedent's widow during her life. I agree with the learned Surrogate in that case, for there there had been a settlement of the executors' accounts, and the rest, residue and remainder had been ascertained and fixed as trust funds in the trustees' hands. The case at bar, I think, is distinguishable from the cases above cited, and I am, therefore, of the opinion, that such expenses are not expenses connected with the trust, but expenses connected with the administration of the estate, and that the same, together with the executor's commissions should be paid out of the *corpus* of the estate. · I also think that the testator, by the

first clause of his will, in which he directs his executors to pay all the just debts and funeral and testamentary expenses out of his estate, intended that the same should be charged to the *corpus* of the estate and not to the life tenant.

Decreed accordingly.