### *In re* McALPINE *et al.*

*(Supreme Court, General Term, Fifth Department.   January 23, 1891.)*

EXECUTORS AND ADMINISTRATORS—COMMISSIONS.
 Under Code Civil Proc. N. Y. § 2736, providing that, where the value of the personal estate of a testator "is $100,000 or more over all the debts," each executor is entitled to the full compensation allowed to a sole executor, where the annual income collected from an estate in which the will directs the disbursement of the net income is less than $100,000 but one commission can be allowed, and it is chargeable against the income, and not against the *corpus*, of the estate.

Appeal from surrogate's court, Monroe county.

Byron D. McAlpine and others, executors of Henry S. Potter, deceased, appeal from certain portions of a decree settling their accounts; and Charles B. Potter and Albert Potter, contestants of the account, appeal from other portions thereof.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Spencer Clinton,* for appellants the executors. *S. D. Bentley,* for appellants Potter.

MACOMBER, J. The appeal of the executors rests upon the contention made in their behalf that they were entitled to commissions as trustees under the will of the late Henry S. Potter, their duties as executors, distinctively, having, as it is claimed, expired. But this court has, in the case of this estate, decided to the contrary in a decision reported in 15 N. Y. St. Rep. 582. We cannot, therefore, regard this question as an open one. This part of the decree must consequently be affirmed. Several exceptions have been filed to the determination of the learned surrogate in behalf of the other appellants. After an examination of these objections, we are of the opinion that they were correctly determined by the surrogate in the decree now before us, or were necessarily included in the judgment of this court above adverted to, excepting the allowance made to the executors for commissions upon the income of the estate. There has been allowed the sum of $6,654.80 to the three executors for receiving and paying out the income, and the same has been reckoned upon the authority of section 2736 of the Code of Civil Procedure, which provides "that, where the value of the personal estate of the testator is one hundred thousand dollars or more over all the debts, each executor or administrator is entitled to the full compensation allowed by law to a sole executor or administrator," etc. No accounting has been had by the executors of the income of the estate, but an account of the same has been kept by them, and such income was paid out semi-annually, in pursuance of the terms of the will. By

the findings of the surrogate, in the year ending February 1, 1885, the total amount of the income is stated to be $104,677.07. In his special findings, proposed by the counsel for the contestants of the account, such income is stated to be $99,628.85; and it is further found, specially by him, that the gross income of the estate collected in any year since the testator's death, down to the time of the filing of this account, never reached so high a sum as $100,000. The obvious explanation of the discrepancy between the formal findings and the special findings is that in the former the income earned was stated, and in the latter the income actually received was alone put down. As the executors would not be chargeable, without fault on their part, for the loss of the income earned and not collected, so they cannot be deemed to be entitled to commissions upon a greater sum than for the moneys actually handled by them. Even if such income had reached the limit of $100,000 annually, yet under the authority of the case of *Savage* v. *Sherman*, 24 Hun, 307, three sets of commissions would not be allowed. But, under the facts found and contained in the appeal papers before us, we do not feel called upon to express any opinion as to whether, had the estate netted a yearly income of $100,000, each of the executors might receive full commissions provided by the section of the Code referred to. In the case of *In re Willets*, 112 N. Y. 298, 19 N. E. Rep. 690, it was held "that, when trustees [or executors] account in reference to income which they are required annually to pay over and account for, no matter how much the principal may be, or how much the estate of the decedent may have been, section 2736 of the Code does not apply unless the actual income exceeds one hundred thousand dollars, and that more than one commission can be allowed only in case the sum upon which commissions are computed amounts at least to one hundred thousand dollars." This case must be deemed to be conclusive in favor of the appeal of the contestants. Only one commission can be allowed, and the same is chargeable upon the income, and not against the *corpus*, of the estate. The money was disbursed in pursuance of the will directing the net income of the estate to be paid to certain persons. There was no annuity made payable in any event, irrespective of earnings, except in one unimportant particular. The sum payable respectively to the distributees was the net income, and consequently chargeable with all the necessary expenses of administering the estate year by year. *Whitson* v. *Whitson*, 53 N. Y. 479. The decree should be modified in respect to this single item, and as so modified affirmed, with costs to all the parties payable out of the income fund. All concur.