FRANK M. STRONG'S APPEAL FROM PROBATE.

First Judicial District, Hartford, January Term, 1897. ANDREWS, C.J.,
TORRANCE, FENN, BALDWIN AND HAMERSLEY, Js.

The fact that a bequest for the relief of the poor of a town also works a
benefit to the tax-payers of the town, does not change the charitable
nature of the gift.

A testator gave the residue of his property in trust directing the trustee to
pay over the net income of the fund to a committee created by the will,
who were to use the same in aiding and assisting the worthy poor of
the town (excluding therefrom the criminal class, the habitually intem-
perate and the indolent and lazy), with food and clothing, according
to their best judgment and discretion. In a suit in which the con-
struction and validity of this provision of the will was involved, it was
*held* that the class to be benefited was sufficiently described, and that
the will plainly gave to the committee the power and discretion to
select the individual beneficiaries.

[Argued January 7th—decided February 23d, 1897.]

APPEAL from an order and decree of the Court of Probate
for the district of Farmington approving and allowing an
executor's account, taken to the Superior Court in Hartford
County and reserved by that court, *George W. Wheeler, J.*,
for the consideration and advice of this court. *Judgment
advised for the appellee.*

The case is sufficiently stated in the opinion.

*Frank L. Hungerford* and *John H. Kirkham*, for the appel-
lant.

The trust attempted to be created is not for a charitable
use, and is therefore contrary to the statute against perpe-
tuities. The bequest adds nothing to what the poor are
entitled to receive from the town, and which the town of
Plainville is bound by law to supply its poor. The precise
question arising in this case is a new one. In England it has
been considered in numerous cases whether a gift in perpe-
tuity to the poor can be appropriated to the benefit of those
receiving parochial aid, and the doctrine is now thoroughly

established that it cannot. *Attorney-General* v. *Wilkinson*, 1 Beav. 370; *Bishop of Hereford* v. *Adams*, 7 Ves. 324; *Attorney-General* v. *Corporation of Exeter*, 3 Russ. 397; *Attorney-General* v. *Clarke*, Amb. 422; 1 Lewin on Trusts, 532. Had the testator, instead of limiting his bequest to "food and clothing," provided for the relief of the poor generally, a very different case would be presented. *Fosdick* v. *Town of Hempstead*, 125 N. Y. 589. The trust attempted to be created is void for lack of certainty in the beneficiaries. *Adye* v. *Smith*, 44 Conn. 70; *Treat's Appeal*, 30 id. 111; *White* v. *Fisk*, 22 id. 31; *Fairfield* v. *Lawson*, 50 id. 514; *Hughes* v. *Daily*, 49 id. 34; *Crum* v. *Bliss*, 47 id. 593; *Bristol* v. *Bristol*, 53 id. 242; *Wilderman* v. *City of Baltimore*, 8 Md. 551; *Grimes* v. *Harmon*, 35 Ind. 198; *Morse* v. *Carpenter*, 19 Vt. 613. The Connecticut cases of charitable trusts attacked by the heirs of the testator on the ground of indefiniteness and uncertainty in the beneficiaries, and which have been sustained by this court, differ from the case at bar.

*George G. Sill* and *Marcus H. Holcomb*, for the appellee.

Section 2951 of the General Statutes provides that estates may be granted " for the relief of the poor; " and our courts have always held that gifts in trust for the benefit of " the poor" were valid charities within the meaning of the statute. *Conklin* v. *Davis*, 63 Conn. 377, 385; *Bronson* v. *Strouse*, 57 id. 147; *Goodrich's Appeal*, ibid. 275; *Camp* v. *Crocker*, 54 id. 21; *Beardsley* v. *Selectmen of Bridgeport*, 53 id. 489; *Tappan's Appeal*, 52 id. 412; *Coit* v. *Comstock*, 51 id. 352, 379. Two requisites are necessary to the validity of such a trust: 1. Certainty as to the persons or class of persons to be benefited. 2. An ascertained mode of selecting them out of said class. *Woodruff* v. *Marsh*, 63 Conn. 127, 128. The provisions of the thirteenth item of the will fully comply with these requirements. The rule against perpetuities does not extend to charitable trusts. *Bronson* v. *Strouse*, 57 Conn. 151; *Goodrich's Appeal*, ibid. 284; *Storrs Agricultural School* v. *Whitney*, 54 id. 342; *Woodruff* v. *Marsh*, 63 id. 125.

FENN, J. The thirteenth clause or item of the will of the late Theodore P. Strong of Plainville in this State, disposing, as it appears, of about seventy-five thousand dollars, is as follows :—

" All the rest, residue, and remainder of all my estate of every kind and description, and wheresoever situated, I give, devise, and bequeath unto the Security Company, a corporation under the laws of Connecticut, and located and doing business in Hartford, Conn., in trust, however, and for the following uses and purposes, viz : to hold, manage, invest, and reinvest the principal thereof, and collect and receive the interest and income thereof, and to pay over the net income of said trust fund to the pastors for the time being, of the Congregational, Methodist, and Baptist churches located in said town of Plainville, and to two men to be annually appointed for that purpose by the selectmen of said town of Plainville, and selected by them from the principal and opposing political parties of said town, whose duty it shall be to receive said interest and income of said fund semi-annually, and to use and appropriate so much thereof as may be necessary to keep and maintain in good and complete order and repair my monument and the grounds about the same ; and the remainder of said income to pay out and appropriate from time to time for the benefit of the worthy poor people of said town of Plainville, as may be in needy and necessitous circumstances, and in any misfortune, always, however, excluding from assistance or aid the criminal class, or the habitually intemperate, indolent, and lazy ; but to all the worthy poor people of said town to render aid and such assistance in providing food and clothing, as in their best judgment and discretion said committee and trustees, pastors, and appointees of said selectmen, they may determine. It shall be the duty of said committees, trustees, or those who shall receive and disburse said income of said trust fund, to render annually to the judge of probate in whose district the said town of Plainville may be an account of the receipts and disbursements of the income from said fund. In the event that said selectmen of said town shall for any reason fail or neglect or refuse to

appoint two men, residents of said town, to serve as aforesaid on said committee, the judge of probate for the district of Farmington shall appoint two men, residents of the town of Plainville, selected from the two principal and opposing political parties of said town, to act with the pastors of said churches ; and in the event that said pastors shall refuse to serve, and if for any reason said committee cannot be formed, it shall be the duty of said Security Company to carry out the provisions of this trust in the best way and method they can in order to execute my intentions as hereinbefore expressed."

It is the claim of the appellant that the trust attempted to be created by the above language, except so far as relates to the monument and grounds referred to therein, is null and void. The correctness of this claim is the question presented to us by the reservation. The grounds advanced in behalf of the appellant's contention are: *first*, that the attempted trust is not for a charitable use, and is therefore contrary to the statute against perpetuities, which was in force at the time of the death of the testator ; *second*, that it is void for lack of certainty in the beneficiaries.

In support of the claim that the use is not charitable, it is urged that the bequest adds nothing to what the poor are entitled to receive from the town, and which the town of Plainville is bound by law to supply to its poor; that it is thus merely the creation of "a perpetual fund for the temporary relief only of the tax-paying class." But if this be conceded, the conclusion that such a gift is not charitable, is unsupported by any authority in this State or elsewhere. The decisions are to the contrary. So are the best and most thoroughly recognized definitions, such as that in *Perin* v. *Carey*, 24 How. (U. S.) 465, 506: "A gift to a general public use, which extends to the rich as well as the poor ; " or in *Jackson* v. *Phillips*, 14 Allen (Mass), 539, 556, which includes what is given for the purpose of in anywise " lessening the burdens of government." See also *Hamden* v. *Rice*, 24 Conn. 350. " The relief of the poor " is expressly named as a charitable use in our statute. General Statutes, § 2951.

But it is true, as was said in *Attorney-General* v. *Wilkinson*, 1 Beav. 370, 373 : " You can in no way benefit the poor without at the same time, . . . relieving the rich, either as to their legal duty or their moral obligations." Such relief would seem pretty direct, in many cases which might be cited in our jurisdiction, where charities have been sustained ; as, for example, *Hamden* v. *Rice, supra; Proprietors of White School House* v. *Post*, 31 Conn. 240 ; *Birchard* v. *Scott*, 39 id. 63, 68 ; *Beardsley* v. *Selectmen of Bridgeport*, 53 id. 489 ; *Camp* v. *Crocker*. 54 id. 21. What is said in *Dailey* v. *New Haven*, 60 id. 314, is most instructive, also, upon this subject.

But the appellant further insists that the trust attempted to be created is void for lack of certainty in the beneficiaries. We cannot assent to this claim. Adopting the language quoted by the appellant from *Adye* v. *Smith*, 44 Conn. 60, 70, that to constitute a valid charitable trust, our law " requires certainty in the persons to be benefited, or at least a certain and definite class of persons with an ascertained mode of selecting them," we think such a class of persons and such a mode of selection is sufficiently pointed out. First, as to the class : It is " the worthy poor people of said town of Plainville, as may be in needy and necessitous circumstances, and in any misfortune, always, however, excluding from assistance or aid the criminal class, or the habitually intemperate, indolent, and lazy ; but to all the worthy poor people of said town." There can be no doubt but what the language quoted is quite as definite in its creation and description of a class, as is the language used by testators in several other instances where trust provisions have been brought before this court and sustained, and the considerations stated in such cases may be referred to and adopted as applicable, but do not require to be repeated here. *Treat's Appeal*, 30 Conn. 113 ; *Beardsley* v. *Selectmen of Bridgeport, supra; Camp* v. *Crocker, supra.* See also *Coit* v. *Comstock*, 51 id. 352.

Finally, as to the mode of selection, that also appears plain and specific. The net income of the trust fund is to be paid over to certain persons definitely pointed out, who are from said funds to pay out and appropriate, from time to time, for

the benefit of said "worthy poor people," in order to "render aid and such assistance in providing food and clothing as in their best judgment and discretion . . . . they may determine." The appellant's claim here is that the trustees of the income are given no power or discretion as to selection, but only as to the amount of aid they can disburse. A construction of the language used, so strict and narrow as this, would be alike contrary to principle and to the decisions in our own State. The same claim upon very similar grounds was made and disposed of in *Woodruff* v. *Marsh*, 63 Conn. 125, 128. We there held, referring to certain authority conferred upon trustees to maintain and support a home, that such trustees were thereby invested with ample powers to select for its inmates from time to time such individuals of the class created as they might think proper, and we then added: "This power to admit includes power to exclude, and to remove after admission. All such acts are naturally incident." Surely, the provisions of the testator will (to quote again from *Woodruff* v. *Marsh*, 136) "need only that favorable construction to which all charitable trusts are entitled in a court of equity, to ascertain their meaning and establish their validity." Such construction has been too often given by this court in such cases, to admit of further doubt as to the settled policy and doctrines of our jurisprudence in dealing with public and charitable trusts. *Birchard* v. *Scott*, *supra; Coit* v. *Comstock*, *supra; Tappan's Appeal*, 52 Conn. 412; *Storrs Agr. School* v. *Whitney*, 54 id. 342; *Goodrich's Appeal*, 57 id. 275; *Bronson* v. *Strouse*, ibid. 147; *New Haven Young Men's Inst.* v. *New Haven*, 60 id. 32, 40; *Conklin* v. *Davis*, 63 id. 377; *Hayden Exr.* v. *Conn. Hospital et al.*, 64 id. 320, 324.

The Superior Court is advised that paragraph thirteen is valid, and that the decree of the Court of Probate appealed from should be affirmed.

In this opinion the other judges concurred.