# Wytheville.

## DULANEY'S ADMINISTRATOR v. DULANEY.

### June 14, 1906.

#### Absent, Whittle, J.

1. EQUITY—*Jurisdiction—Inadequate Remedy at Law—Future Interests.*
   Equity has jurisdiction of a bill which seeks not only to recover
   back taxes paid on a fund set apart by contract, but also to deter-
   mine the rights of the parties in the future under the contract.
   The remedy at law, in such case, is not adequate and complete.

2. TAXATION—*Interest in Lieu of Dower—Tax on Principal—Who to
   Pay Annuities—Income.*—Where a husband, by ante-nuptial con-
   tract, gives to his wife, in lieu of dower, the "interest" on $3,500,
   part of his estate, to be paid to her annually so long as she sur-
   vives him, and she accepts it, the taxes on the principal sum must
   be paid by the widow. This is not the gift of an annuity, though
   payable annually, but of the interest or income from a specified
   sum, and the widow must pay the tax on the principal just as she
   would be compelled to do when dower is assigned in kind. An
   annuity is usually chargeable only on the person of the grantor,
   but interest on a fund is income.

Appeal from a decree of the Circuit Court of Greene county.
Decree in favor of the complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*John S. Chapman,* for the appellant.

*George S. Perkins,* for the appellee.

CARDWELL, J., delivered the opinion of the court.

On the 25th day of December, 1871, John G. Dulaney and Miss Mary F. Melone, in contemplation of marriage, entered into a written contract, thereafter duly recorded in the clerk's office of Greene County Court, whereby it was provided that the latter, in lieu of dower, should have for and during each and every year that she might survive the former, "the interest on the sum of thirty-five hundred dollars ($3,500.00), part of his (Dulaney's) estate, to be paid to her annually by his, the said Dulaney's, executor, administrator, or other lawful representative"; and further, that neither party to the contract should be in any way liable for the debts of the other, etc.

A few days after the date of the contract the intended marriage was consummated, and the parties lived together as man and wife until the death of Dulaney, intestate, in July, 1888; and shortly after his death a chancery suit was instituted in the Circuit Court of Greene county to settle and distribute his estate. To this suit Mrs. Dulaney, the widow, was a party defendant, represented by counsel, and under an order of the court therein, J. F. Dulaney, as administrator, invested or loaned out the sum of $3,500.00, as a part of his intestate's estate, and the interest on the same at the rate of six *per cent.* *per annum* has been regularly paid to Mrs. Dulaney each year, she paying the annual taxes on the principal sum from the year 1889 down to and including the year 1904.

In June, 1905, Mrs. Dulaney filed her bill in this cause against J. F. Dulaney, as administrator, as aforesaid, the object of which was to have returned to her the taxes she had paid on the $3,500.00, amounting in the aggregate to $612.15, on the ground that the provision made for her in her marriage contract is an annuity equal to the legal interest (6 per cent.) on $3,500.00—i. e., $210 *per annum*—and not an income of

the interest on the principal sum. She invokes relief in a court of equity upon two grounds—first, to have corrected a mutual mistake of fact, by which she was misled to pay the taxes on the $3,500.00 for sixteen years; and, second, because her remedy in a suit at law to recover back from the estate of her late husband the amount of these taxes would not be complete and adequate. Her bill avers that she had no occasion to hear anything as to taxes until the year 1889, and that "then she was told by J. F. Delaney, administrator of John G. Dulaney, deceased, that she must pay the taxes on the $3,500, not only so, but the administrator told her that the judge had decided the question; that he had asked the judge in the court house who should pay the taxes on this fund, and the judge said the complainant must pay them," etc. The special prayer of the bill is, "that the mistake under which the taxes on this fund ($3,500.00) have been paid by complainant may be corrected; that the amount paid by her—viz: $612.15, with interest thereon from the 25th of April, 1905—may be paid to her by the said administrator; that for the future and during the remainder of the life of the complainant the said administrator may be required to pay the annual tax on said fund, and to pay her annually, free of all charges and deductions, the sum of $210.00, that being the measure of her rights under the contract aforesaid."

Upon the hearing of the cause on the bill and the exhibits therewith, the demurrer and answer of the defendant thereto, the circuit court, being of opinion "that the complainant was entitled to have returned to her the taxes she had paid on the $3,500.00, with interest thereon from April 25, 1905, until paid, that being the date at which the defendant was requested to refund and refused," decreed that the complainant recover of the defendant the sum of $612.15, with interest thereon from the 25th day of April, 1905, till paid and her costs, to

be levied of the goods and chattels of his intestate in his hands, if so much he has, and, if not, then of his own proper goods, and "that for the future, and during the life of the complainant, the administrator shall pay to her annually the sum of $210.00 without diminution for taxes or any other charge," etc. From that decree the case is before us upon an appeal granted the defendant.

We are of opinion that as the bill calls for not only a construction of the marriage contract of December 25, 1871, the recovery of the taxes on the $3,500.00 invested for her benefit, alleged to have been paid by the complainant under a mutual mistake of fact, but to have her rights under the contract in the future during the remainder of her life fixed and determined, the demurrer to the bill was properly overruled. *Stuart* v. *Pennis,* 91 Va. 692, 22 S. E. 509; *So. Ry. Co.* v. *Franklin, &c., R. Co.,* 96 Va. 704, 32 S. E. 485, 44 L. R. A. 297.

The sole question arising on the merits of the case requiring consideration is, whether the provision made for appellee in the marriage contract of December 25, 1871, vested in her, upon the death of her husband, an annuity for her life of the interest on $3,500.00, or an income of the annual interest on that sum. If the latter, as the authorities agree, she is liable for the taxes assessed against the principal sum, and if the former she is not.

It is provided in the contract, as already stated, that appellee should have, in lieu of her dower, during each and every year that she survived her husband, "the interest on the sum of thirty-five hundred dollars ($3,500.00), part of his (Dulaney's) estate, to be paid her annually by his, the said Dulaney's, executor, administrator, or other lawful representative." "Interest on $3,500.00" is to be taken as meaning legal interest, six *per cent.,* which is $210.00 per annum, and the parties to the contract are to be considered as having understood and con-

templated that the principal sum of $3,500.00 would be liable to taxation annually during the life of appellee, if she survived her husband. The simple question, therefore, is, who, under the law as applied to the facts of this case, should pay these taxes?

"An annuity, in its strict sense, is a yearly payment of a certain sum of money, granted to another in fee, or for life, or for years, and chargeable only on the person of a grantor." 2 Cyc. 459; 2 Minor's Inst., p. 31.

"The word *income* means the gain which proceeds from property, labor or business; when applied to a sum of money, or money in the public debt, it is equivalent to 'interest.' " *Sim's Appeal,* 44 Pa. St. 345. In that case a bequest of "the income of $5,000.00, to be paid to the legatee during life by testatrix's executors, out of an adequate fund to be retained therefor," was held to be a bequest of the annual proceeds or interest of that sum of money ($5,000.00), and not an annuity of that amount. The citation of the case is merely to show that the court considered that the words "income" and interest are the equivalent of each other, and as ordinarily used mean one and the same thing. See also 16 Am. & Eng. Enc. L. 147, and note, p. 149.

In 2 Redfield on Wills, 133 (3d ed.), it is said: "It seems to be well settled in the American courts that as a general thing the bequest of the interest of a particular sum will not be construed the same as giving an annuity of the same amount, although payable annually, but it will be regarded simply as the gift of the income or interest of that amount."

"But in one case," says the same author, "it was considered that the bequest of the interest of a certain sum, not setting apart any fund for the payment of the same, was a gift of an annuity equal to the interest upon the sum named, at the rate fixed by law, and that it was not chargeable with any tax or

deduction on account of the services of the executor in the management of the same." *Brimblecom* v. *Haven,* 12 Cush. (Mass.), 511.

The case cited is relied on by appellee here, and is authority for her contention, but it is in conflict with the statement of the law just quoted and a number of decisions by other courts taking the opposite view.

In *Whitson* v. *Whitson,* 53 N. Y. 479, a testator bequeathed to his wife the life use of $10,000, directing his executors to pay her the lawful interest on said sum semi-annually, and after her decease said sum to pass to any heirs his wife should have by him; if none, then to his son, O., with the residue and remainder of the estate. The executors having paid the taxes on the principal sum of $10,000 out of the interest thereon received by them, paid the balance of the interest to the widow of the testator. On the final accounting she claimed the whole of the interest, without any deduction for taxes or commission. The surrogate sustained that claim, and ordered the executors to pay her the sum of $745, being the amount theretofore deducted by them from the interest for taxes and commissions, and thereafter to pay to her annually the sum of $700 (legal interest on $10,000 for one year), without any deduction therefrom for taxes or commissions, which order was affirmed by the Supreme Court; but on appeal to the Court of Appeals of New York it was reversed and annulled, the court holding "that the bequest was of the income of the sum specified, not an annuity of $700; and that the taxes and expenses of the trust should be paid out of such income and not out of the estate." The opinion, after referring to the fact that the testator gave other legacies, says: "The direction to his executors to pay her (the widow) the lawful interest of the said sum of $10,000 semi-annually, is entirely consistent with an intention to give her the income thereof. The testator directed

his executors to make investments for the purpose of paying his legacies.    He doubtless thought that the $10,000 could be invested at lawful interest, payable semi-annually, and this interest he directed so to be paid to his wife; that the fund invested would be subject to taxation was not probably thought of by him.    Had it been, and had he designed that the taxes should not be paid from the interest, he would have so declared; not having done so, the law provides that they shall be paid from the income."    Citing Redfield on Wills, *supra.*

In *Pearson* v. *Chace,* 10 R. I. 455, the testator bequeathed to his wife, during her natural life or widowhood, and in lieu of dower, the dividends and income of certain shares of bank stock, the reversionary right being in his three daughters, who were also made his residuary legatees, etc.    *Held:* "That the gift was one of income and not an annuity, and that C. (the widow) was, therefore, liable to pay the taxes upon the stock, so long as she received the income from it."    It is true the will in that case uses the word "income," but a gift of an annuity for life, and a gift of the income of certain property for life are defined and distinguished, the opinion plainly treating the terms "income" and "interest" as synonymous.

In *Booth* v. *Ammerman,* 4 Bradf. (N. Y.), 129, a bequest of the interest on a certain sum was held to be a bequest of income and not an annuity.

The case of *Brimblecom* v. *Haven, supra,* so much relied on for appellee, and which cited only the case of *Sweet* v. *Boston,* 18 Pick. (Mass.), 123, in support of the conclusion reached, is, we think, materially different from the case at bar.    There, in furtherance of the purpose of the testator to make ample provision for his wife if she survived him, the bequest was simply of the interest on $6,000, along with other property for life, not setting apart any fund for its payment or to produce an income in the way of interest; while here the marriage contract

is that the intended wife (appellee) of John G. Dulaney, in the event that she survived him, should have, in lieu of dower in his estate, "the interest on $3,500.00, part of his (Dulaney's) estate, to be paid to her annually by his, the said Dulaney's, executor, administrator or other lawful representative." Clearly it is to be assumed that the parties understood and expected that this principal sum was to be set apart from the residue of Jno. G. Dulaney's estate to yield and produce the provision made for the wife in lieu of dower, which she agreed to accept, and to leave what remained of Dulaney's estate to be disposed of as he might by will or otherwise see fit, or to pass to his heirs at law or distributees in case he died intestate, free from any claim to or interest in it that appellee might have had but for her marriage contract. It could not reasonably be supposed that it was the purpose or expectation of the parties that the estate of Dulaney, or any part of it other than the $3,500.00, was to be withheld from distribution among his heirs and distributees after his death, leaving appellee surviving him, in order to provide a source from which the taxes on the $3,500.00 could be paid annually so long as appellee might live; yet such would have been necessarily the result as to a part at least of Dulaney's estate, other than the $3,500.00, if the marriage contract, in fact, stipulated for any annuity to appellee equal to the legal interest on $3,500.00, and not an income of the annual interest on that sum, for without reserving a part of the estate out of which the tax on the $3,500.00 could be paid, it could not be paid by the administrator except out of the principal sum, thereby reducing that sum each year by the amount of the taxes thereon, rendering it less and less capable year by year of yielding an annual interest or income equal to lawful interest for one year on $3,500.00—viz: $210. It was just such considerations as these that the Supreme Court of Rhode Island, in *Pearson* v. *Grace, supra,* considered all

sufficient to justify the conclusion that where a testator bequeathed to his wife during her natural life or widowhood and in lieu of dower in his estate the dividends and income of certain shares of bank stock, he intended the gift as an income and not an annuity, the annual taxes on the stock to be paid by the donee out of the "dividends or income" thereon, and not out of the testator's estate.

And the same considerations were regarded as of the greatest importance by the Court of Appeals of New York in *Whitson* v. *Whitson, supra,* where, as we have seen, it was held that the widow of a testator to whom her husband had bequeathed the life use of $10,000, his executors "to pay her the lawful interest of the said sum semi-annually," was liable for the annual taxes on the principal sum and not the testator's estate.

The sole question decided in *Sweet* v. *Boston, supra,* was whether the interest on $50,000 bequeathed by a testator to his daughter for life was liable for taxes under a statute imposing a tax on incomes derived "from any profession, handicrafts, trade or employment, organized by trading at sea or on land," the court holding that it was not, and that by the statute the interest on the $50,000 was not liable to be taxed to the daughter in any form.

In this case appellee acquiesced for sixteen years in the view that she should pay, and did pay, the annual taxes on the $3,500, and although she resided all the while near to the court house of the court in which the suit for the settlement of her husband's estate, to which she was a party, was pending, and in which the $3,500 was ordered to be invested by the administrator of her deceased husband, in pursuance of the marriage contract, upon which she is relying, she made no protest against the payment of these taxes until the estate of her late husband had been distributed, until all of his children were dead, except appellant, and until the bulk of his real

estate had been sold and transferred into the hands of innocent purchasers. She, in her bill, acquits appellant of bad faith in telling her in 1889 that the judge had said that she should pay the taxes on the $3,500, and does not deny the averments of his answer just repeated, but simply claims that under the law the taxes on the principal, on which she has been receiving the interest, are not chargeable to her.

Had the marriage contract in question never been made, and dower had been assigned to appellee in her husband's estate, clearly the law would have imposed the duty on her of paying the taxes upon the property so assigned, in order to preserve it for the benefit of those to have it when her right to its enjoyment terminated. In lieu of dower appellee was by her contract to have the interest on $3,500, to be paid to her annually during her life, if she survived her husband, which principal sum, "a part of Dulaney's estate," was, by implication, to be invested at his death by his personal representative to earn interest, there being nothing in the contract from which it can be deduced that the parties thereto intended that the general rule, requiring one holding or enjoying property as dower, or in lieu of dower, must pay the taxes thereon, should not apply, but that the taxes on the $3,500 was to be paid out of the residue of Dulaney's testate.

We are of opinion that the law imposed on appellee the duty of paying the annual taxes upon the $3,500 from and after the time the same was invested under the order of the court in the said chancery cause of *Kinsey* v. *Dulaney,* pursuant to her marriage contract so long as she receives the annual interest it earns, and that she has rightly paid the taxes thereon heretofore; therefore the decree under review will be reversed and annulled, and this court will enter the decree that the circuit court should have entered, dismissing appellee's bill, with costs to appellant.

*Reversed.*