HARRIE T. HOYT, TRUSTEE, *vs.* LAURA MAY BLISS ET ALS.

Third Judicial District, New Haven, January Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

A testamentary trust for the education of youth is a charitable one, and the language of a will used for this purpose ought to receive such liberal and favorable construction as may be necessary to establish the validity of the trust and ascertain its meaning.

A testator residing in Danbury, Connecticut, gave the residue of his property in trust, "to be applied as a foundation," of which the interest was to go "to support," through a course at the Sheffield Scientific School at New Haven, the candidate passing the best examination preparatory thereto. To be eligible the candidate must have been born, or be living, in Danbury, and examinations were to be held as often as the scholarship was vacated. *Held:*—

1. That there was no real foundation for a claim that the trust thus attempted to be created was void for indefiniteness and uncertainty; that the testator's purpose, the objects of his benefaction, and the means for the selection or determination of the class of beneficiaries, were sufficiently plain and intelligible, though expressed in somewhat inartificial terms.

Hoyt v. Bliss.

2. That the trust was not to be treated as invalid because the will did not prescribe all the steps to be taken by the trustee in all matters of detail likely to arise in the administration of the fund, but left them to the discretion of the trustee as the occasion might arise; nor because the rule for the selection of beneficiaries did not recognize any distinction to be made between rich and poor.

3. That by "support" the testator intended not merely to supply the student with school and living necessities, but to furnish him with means adequate for his comfortable maintenance in the broad sense of that term.

4. That should the income of the fund prove, in the course of time, to exceed what might be required for the reasonable support of a single beneficiary, the trustee might properly use the surplus at his command for the support in whole or in part of an additional student qualified and selected as provided in the will.

5. That the manner in which the income should be expended by the trustee, and how notice of the competitive examinations should be given, were matters of incidental detail which the testator had left, as he properly might, to the sound judgment and discretion of the trustee, to be exercised in view of the circumstances as they might from time to time arise.

The fact that the language of a testamentary trust is open to more than one interpretation and therefore furnishes a basis for a request for its judicial construction, does not militate against the validity of the trust.

Argued January 21st—decided March 4th, 1919.

SUIT to determine the validity and construction of a clause of the will of Starr Hoyt Nichols of Danbury, deceased, brought to and reserved by the Superior Court in Fairfield County, *Haines, J.*, upon an agreed statement of facts, for the advice of this court.

Starr Hoyt Nichols, born in and a resident of Danbury and a graduate of Yale University, died in 1909 leaving neither wife, child nor issue of children. His only heirs at law were a nephew, Philip N. Bliss, also of Danbury, and Grace K. Harvey of Grant's Pass, Oregon, a niece. At his death he was possessed of a considerable estate. His will, after making sundry bequests, disposed of the rest, residue and remainder of his estate by the following two paragraphs numbered 8 and 9:—

"8th. All the rest and residue of my estate both real and personal I give, devise, and bequeath to my nephew Philip N. Bliss of Danbury, Conn., in trust for his own use and enjoyment during his life to go to the lawful heirs of his body born in lawful wedlock after his death.

"But if he die leaving no heirs of his body I give, devise and bequeath said rest and residue of my estate held in said trust in trust to the President and first Vice President of the Danbury Savings Bank (said trust always devolving to the actual incumbents of said offices) to be applied as a foundation of which the interest shall go to support through a course at the Sheffield Scientific School at New Haven, Conn., the candidate passing the best examination preparatory to said course of study. Said candidate must be born or living in Danbury, Conn., to be eligible and examinations shall be held for new competitors as often as the scholarship is vacated.

"9th. If for any reason whatever this trust for a scholarship shall be deemed invalid and said Philip N. Bliss shall leave no direct heirs of his body, I hereby order, devise and bequeath said residuary estate to the three children aforesaid of my niece Grace K. Harvey equal provisions to each share and share alike to be theirs and their heirs forever subject however to a life interest of all its revenues to the said Grace K. Harvey so long as she lives."

Subsequent to the execution of the will he conveyed to his nephew, Philip N. Bliss, a piece of real estate in Danbury worth more than $30,000. At this time it was understood and agreed by and between the parties, that the nephew should by his will give to Yale University a sufficient sum to make up any deficiency in his uncle's estate available for the trust created by the latter's will which should be occasioned by the convey-

ance.   Philip died in 1916 leaving a wife, now surviving, but no issue or other heirs of his body.   His only heir at law and next of kin related by blood to his uncle, was the defendant Grace K. Harvey, a cousin. He left a will of which his widow is executrix.   The second paragraph of his will reads as follows:—

"SECOND.  I give, devise and bequeath, in the event that I die without leaving heirs of my body, whatever sum may be necessary to make the trust fund established under the eighth clause of the will of my uncle Starr Hoyt Nichols, (which said will is recorded in Danbury Probate Records, Vol. 66, page 313) to take effect upon my death, leaving no heirs of my body, amount to Thirty Thousand Dollars, said sum to be held under the same terms and conditions, subject to the same trusts, and to be used for the same purposes as specified and provided in said eighth clause of said will of Starr Hoyt Nichols, to wit:—To be held in trust by the President and First Vice President of the Savings Bank of Danbury (said trust always devolving to the actual encumbents of said offices) to be applied as a foundation of which the interest shall go to support through a course at the Sheffield Scientific School at New Haven, Conn., the candidate passing the best examination preparatory to said course of study; said candidate must be born or living in Danbury, Conn., to be eligible, and examinations shall be held for new competitors as often as the scholarship is vacated." All the rest and residue of his estate was given to his wife.

Starr Hoyt Nichols' estate was fully settled, and the rest and residue thereof, amounting to $13,977.39, paid over, in compliance with the provisions of paragraph eight of his will, to the trustees designated therein. Thereafter those persons resigned as trustees, and the present plaintiff was duly appointed as trustee in their

stead. He, as such trustee, now has in his hands said fund, and in like manner the sum of $15,246.57 which came to him through the provisions of paragraph two of Philip N. Bliss' will.

The questions here presented concern the will of Nichols and the fund which came into the plaintiff's hands from his estate. The widow of Bliss personally and as executrix of her husband's will unites with Yale University in claiming that the trust attempted to be created by Nichols is in all respects a valid and operative one. The defendants, representing interests arising from the gift over contained in paragraph nine of the Nichols' will, claim that it is invalid and inoperative by reason of the indefiniteness and uncertainty of its provisions.

The questions propounded for advice relate to the main matter thus at issue, and certain other matters touching the trustee's duties in the administration of the trust, if it is determined to be a valid one. They are as follows:—

"(a) Whether the trust made or which it was attempted to make in said eighth clause of said will is valid, legal and operative, and capable of being carried out in any legal manner; and if so, how; and whether the trust estate thereby created, or which it was attempted to create, is now a valid and subsisting estate? (b) Whether the trust which it was sought to create by said eighth clause of said will is or is not void for uncertainty and indefiniteness? (c) In the event that a valid trust estate was created by the testator under the provisions of said eighth clause of said will, what was meant by the testator by the use of the following words, 'to be applied as a foundation of which the interest shall go to support through a course at the Sheffield Scientific School, at New Haven, Connecticut?' (d) What are the duties of the trustee with

reference to the expenditure of the interest from said trust fund? (e) What are the duties of the trustees with reference to the notice to be given by them of the competitive examinations to be held pursuant to the provisions of said eighth clause of said will? (f) Would said trustee be justified, in the event that the income from said trust fund shall be sufficient, in extending the benefit of the provisions of said clause to more than one beneficiary at the same time? (g) Would the trustee be justified in expending from the income of said trust fund any more than would be absolutely necessary for the support of the recipient of said scholarship while a student at said Sheffield Scientific School? (h) Would the trustee be justified in expending from the income of said trust fund, any more than enough to pay for the tuition, board, lodging, clothing, books and other actual necessities of the recipient of said scholarship? (i) Would the trustee be justified in granting an allowance to the recipient of said scholarship to be used and expended by such beneficiary for other purposes than actual necessities?"

*Thomas A. Keating,* for the plaintiff.

*Samuel A. Davis,* for the defendant Laura May Bliss, individually and as executrix.

*William H. Cable,* for the defendants John R. Harvey *et al.*

*Frederick H. Wiggin,* for the defendant Yale University.

*George E. Hinman,* Attorney-General, for the defendant the State of Connecticut.

PRENTICE, C. J. Paragraph eight of the Nichols' will, in its second portion, undertakes to create a trust.

The trust undertaken to be created is a charitable one, since its object is the education of youth. *Jackson* v. *Phillips*, 96 Mass. (14 Allen) 539, 556; *American Academy* v. *Harvard College*, 78 Mass. (12 Gray) 582, 594; *American Asylum* v. *Phoenix Bank*, 4 Conn. 172, 177; *Treat's Appeal*, 30 Conn. 113, 116.

Having a charitable purpose, the language used by the testator in his attempt to establish the trust and define its terms and conditions, should have such liberal and favorable construction as may be necessary to establish its validity and ascertain its meaning. *Woodruff* v. *Marsh*, 63 Conn. 125, 136, 26 Atl. 846; *Strong's Appeal*, 68 Conn. 527, 532, 37 Atl. 395; *Yale College's Appeal*, 67 Conn. 237, 243, 34 Atl. 1036.

Turning to the provisions of the will to discover whether or not in the light of these recognized principles of construction, they are sufficient to make the trust attempted to be created a valid and operative one, we observe, first of all, that there is nothing illegal or forbidden by law in the purpose of the trust, and that if the testator's endeavor to establish one is to fail, it must be for the reason that his language is indefinite and uncertain. That and that alone is the charge made against it.

We are at a loss to discover any solid foundation for the claim thus made. As far as the testator's intent is concerned, not only is his general one to establish a charitable trust unmistakable, but his specific intent is also reasonably clear and certain as to the objects of his attempted benefaction, the means by which those objects were to be accomplished, and the persons who were to be the beneficiaries. That the object which the testator sought was the education of youth, and youth whose residence or birthplace was Danbury, does not admit of doubt. That the means prescribed to attain that end were a course in the Sheffield Scien-

tific School, and financial provision for the same through the use of the net income of a fund consisting of the residue of the testator's estate set apart by him as a permanent endowment fund, cannot well be questioned by anyone reading the language of the will for no other purpose than to gather therefrom the testator's intent.

His language, that the rest and residue of his estate was to be held in trust by the persons designated as trustees "to be applied as a foundation of which the interest shall go to support through a course at Sheffield Scientific School at New Haven, Conn., the candidate passing the best examination preparatory to said course of study,"—is not such as one would expect from the hand of a skilled draftsman. Nevertheless, the testator's meaning and intent is not thereby concealed or rendered doubtful. Its use of the word "applied," where some such word as "held" or "maintained" would have been more strictly accurate, of the word "foundation" to designate a fund set apart as an endowment fund, and of "interest" to signify "income," is somewhat inartificial. But it is not so inappropriate that the testator's intent to establish a permanent endowment fund whose net income should be appropriated to the charitable use thereafter defined is not reasonably apparent. Century Dictionary; *Dulaney* v. *Dulaney*, 105 Va. 429, 54 S. E. 40; *Whitson* v. *Whitson*, 53 N. Y. 479, 481. Those who ought to benefit by his beneficence are not individually designated; but the class to which they must belong is sufficiently described, to wit, persons born in, or at the time of selection resident of, Danbury, and the method of selection from that class is distinctly outlined, to wit, by competitive examination appropriate for admission to the Sheffield Scientific School. *Coit* v. *Comstock*, 51 Conn. 352, 377–379; *Strong's Appeal*, 68

Conn. 527, 531, 37 Atl. 395; *Adye* v. *Smith*, 44 Conn.
60, 70.

That the testator may have used language which is
open to more than one interpretation and furnishes a
basis for a request for judicial construction, does not
militate against the validity of the trust. Such is
frequently the case with perfectly valid wills. Neither
does it make for the invalidity of the trust that the
provisions of the will do not prescribe all the steps to
be taken by the trustee in all matters of detail likely
to arise in the administration of the trust, but leaves
those incidental matters to the discretion of the trustee
to be exercised by him as occasion may arise in such
way as shall in his judgment be best calculated to
effectuate the purpose of the testator as defined by him.
Neither does it, in that the rule of selection of bene-
ficiaries recognizes no distinction to be made between
rich and poor, as it plainly does not. An intended
charity is no less a lawful one for the reason that such
distinction is not made. *American Academy* v. *Harvard
College*, 78 Mass. (12 Gray) 582, 594; *Godfrey* v. *Hut-
chins*, 28 R. I. 517, 520, 68 Atl. 317; *People ex rel. Ellert*
v. *Cogswell*, 113 Cal. 129, 137, 45 Pac. 270.

Several of the questions propounded for advice call
for a construction of the trust provision above quoted
as bearing upon the duty of the trustee in complying
therewith. These questions have already in part been
answered, at least inferentially. It signifies, as we have
already seen, that the trust fund in the trustee's hands
should be held by him as the principal of a permanent
fund, and the net income thereof paid over or expended
by him for the support, through a course in the Sheffield
Scientific School, of a chosen beneficiary for the time
being.

As to what the testator intended by "support," the
character and extent of it, and the number of persons

to whom it could be given at any one time, the language
of the will, especially when read in the light of the fact
of the testator's understanding or agreement with his
nephew, seems to leave little room for doubt that the
testator had in mind a provision for one student and
only one at a time, and that his thought and purpose
was to supply a source of income which should be suf-
ficient to furnish that student beneficiary with means
adequate for his comfortable maintenance in the broad
sense of that term, and not merely to supply him with
either school or even living necessities. Plainly it was
no niggardly provision which the testator intended to
make in favor of the fortunate beneficiary. His sup-
port was not intended to be limited to bare necessities
of whatever kind, but it was to have a fuller and more
generous measure that should embrace all those things
which enter into the idea of support in its fullest sense.

While this is true, it may well be that the income of
the fund will, in the course of time, prove to be in
excess of what is required for the reasonable support
of a single beneficiary or greater in amount than he in
fact expends for his support. It may also happen, by
reason of nonincumbency of the scholarship, that un-
expended income may be in the hands of the trustee.
The testator manifestly did not intend that the fund
should be permanently increased by additions of unex-
pended income. His intention was that the income as
it accrued should be expended in the education of
qualified youth. As manifestly, he did not intend
either to support a student in extravagance or waste-
fulness, or to supply him with funds to use for other
purposes than self-support, or to hoard. To satisfy
these intentions, apparent from the will, we are of the
opinion that the trustee, in fulfilment of his duty to
give effect to the testator's intentions as thus disclosed,
should use any surplus income that he may have at

his command in the support, as far as it will suffice, of an additional student qualified and selected as the will provides.

The remaining questions concern details of the administration of the trust about which the will contains no positive instructions. They ask what the duty of the trustee is in respect to the manner of expenditure of the income, and in respect to the giving of notice of the competitive examinations. These are matters of incidental detail which the testator has left, as he properly might, to the sound judgment and discretion of the trustees, to be exercised in view of the circumstances as they from time to time arise and to the end that the testator's purposes as they are disclosed by the will be carried into effect in the fullest practicable measure. As far as the notice of examination is concerned, it is apparent that suitable advertisement in a newspaper or newspapers having a circulation in Danbury, would naturally and almost necessarily be one of the means to be resorted to. Announcement in the Yale catalog and bulletins, where practicable, would also suggest itself as especially appropriate for the information of possibly interested persons at the time living outside of that city. But after all, the course to be pursued is a matter whose decision must rest in the sound discretion of the trustee in view of all existing circumstances.

The Superior Court is advised to render judgment declaring that the trust created by the 8th paragraph of the will is a valid and operative one; that by its terms the plaintiff as its trustee, and his successors in the execution of the trust, are required to hold and manage the fund given in trust as a permanent trust fund; that the net income thereof is to be paid over and expended by him and them for the support, through a course in the Sheffield Scientific School in New Haven,

of a student therein (or under the conditions indicated in the foregoing opinion, students therein), who, being then resident of or having been born in Danbury, shall have won the right to be the beneficiary or beneficiaries of such income by having passed the best examination preparatory to such course of study; and that in the expenditure of such income and the giving of notice of such examinations, the trustee for the time being should act in such manner as, under the circumstances as they arise, will in his best judgment most effectually accomplish the testator's purpose as defined in his will.

In this opinion the other judges concurred.