EDWARD CAMP, TRUSTEE, vs. THE ADMINISTRATOR AND HEIRS OF MARY A. CROCKER.

Hartford District, Jan. T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, Js.

Bequest of a fund to trustees " to appropriate the principal and interest, as they shall deem proper, to the aid of such indigent, needy and meritorious widows and orphans of the town of *W* as may need temporary help to keep them from being chargeable to the town as paupers, leaving it to the trustees to exercise a sound discretion as to who shall be made the subjects of such aid." Held to be a valid gift to a charitable use.

[Argued January 6th—decided February 5th, 1886.]

SUIT for advice as to the construction and validity of a bequest; brought by the trustee under the will to the Superior Court in Litchfield County. Facts found and case reserved for advice. The case is stated in the opinion.

*A. H. Fenn,* presented the case in behalf of all parties interested.

PARDEE, J. James Crocker of Winchester died in 1859, leaving a will, the fifth paragraph of which is as follows:—

"In case my wife shall die leaving my said daughter living, then it is my will that my said daughter shall succeed to any and all property and rights which shall remain after the death of my said wife; and in case my said daughter shall survive my said wife, and shall herself die without issue, then it is my will that any and all property, whether real or personal, which may pass to my said wife by virtue of this will, or to my said daughter, or to either of them, and the proceeds and avails thereof, shall be converted into cash, and, until disposed of by the stipulations hereinafter written, shall remain a fund in the hands of the trustees aforesaid, and their successors appointed by said court of probate, to be used and disposed of as follows, to wit:— Said trustees and their successors are to appropriate the principal and interest of said fund, as they shall deem proper, and in such sums as they may deem proper, to the aid of such indigent, needy and meritorious widows and orphan children of the town of Winchester aforesaid as may need temporary help to keep them from the disgrace of being chargeable to said town as paupers, leaving it to said trustees and their successors to exercise a sound discretion as to who shall be made the subjects of such aid, and to what amount, taking into view the amount of the fund.

"If my son Corrill shall come to want during the existence of the trust hereby created, then it is my will that said trustees shall, from time to time, appropriate such part of the proceeds of the property hereby devised as they may deem just and proper to his support, unless all of said pro-

ceeds shall be needed for the support of my said wife and daughter."

His wife has since died, as have also his son and daughter, neither leaving issue. The plaintiff, trustee under the will, asks us to construe it in the following particulars :—

1. Whether any legal effect can be given to any part of the fifth section of the will, and if so, what; and whether all or any part of said section is or is not void ; and whether any portion of the provision therein made for the aid of indigent, needy and meritorious widows and orphan children can be made legally operative.

2. Whether the trust which it was sought to create by said section is or is not void for uncertainty, ambiguity, indefiniteness, or a failure of the object of the testator's bounty.

3. Whether said trust is void by reason of the statute relating to perpetuities, or by the common law regulating the time in which an executory devise must vest, or for any other cause, either wholly or in part.

4. In the event of said trust being adjudged to be inoperative or invalid or to have failed, either wholly or in part, then to whom, and in what proportions, and in what manner, shall said funds in the hands of the plaintiff descend or be distributed, and who is entitled thereto, and to whom shall the plaintiff account for and pay over the same?

The testator has given power to the trustees to select the beneficiaries. These are to be such widows and orphans of the town of Winchester as no individual is bound and able to support; who have practically exhausted their own means, and would, but for this fund, have no resource except public aid. This fund is then to intervene and supply their necessities ; to postpone at least, possibly to prevent, the reception of public aid. They are to be residents of the town ; persons to whom, if they are found in the condition above specified, it would be the duty of the town in the first instance to give aid ; and this regardless of the place of legal settlement, regardless of the question whether they were born before or after the death of the testator. It is a

valid gift to a charitable use ; a definite class ; persons appointed to select ; and it runs without limitation as to time parallel to, and of course never conflicting with, the statute against perpetuities.

The Superior Court is advised that the fifth clause of the will contains a valid gift to a charitable use.

In this opinion the other judges concurred ; except CAR-PENTER, J., who dissented.