57 147
57 285

57 147
60 40

57 147
68 532

SAMUEL L. BRONSON AND ANOTHER, EXECUTORS, *vs.* ISAAC STROUSE AND OTHERS.

New Haven Co., June T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

A testatrix directed that one thousand dollars be safely invested by her executors, and the interest applied, so far as necessary, to keeping in order her burial lot, and the surplus, if any, given to "some poor deserving Jewish family residing in the city of New Haven." Held—
1. That the bequest for the care of the burial lot was valid ; such bequests being put upon the same ground with public and charitable uses by Gen. Statutes, § 2951.
2. That the bequest for the benefit of poor deserving Jewish families was valid.

3. That it was no objection to the entire bequest that there were two sep- arate uses to which it was to be applied, with no direction as to the apportionment between them.

4. That the trustees had power to determine in their discretion what sum should be applied to each use; also what Jewish families were within the condition prescribed, and when and to what amount they would expend the surplus for their benefit.

Another clause provided that a certain fund should be set apart and the principal and income applied to the support of such of the heirs of the testatrix as should be in need of pecuniary assistance. Held—

1. That the beneficiaries under this clause were to be persons who, if the testatrix had died intestate, would under the statute of distributions have taken a portion of her estate.

2. That the class consisted of persons living at the time of her death.

3. That the bequest therefore did not violate the law against perpetuities.

4. That if no member of the class described should be in need of pecuni- ary assistance, it was the duty of the trustees to hold the fund to await any future demand for it ; the trust to terminate when the fund should be exhausted or the class cease to exist.

[Argued June 19th, 1888—decided January 4th, 1889.]

SUIT for the construction of a will ; brought to the Su- perior Court in New Haven County, and reserved, on facts found, for the advice of this court. The case is fully stated in the opinion.

*W. L. Bennett*, for the plaintiffs.

*H. W. Asher*, for the defendants, heirs at law of the tes- tatrix.

PARDEE, J. Esther Ullman died in 1887, leaving a will, by which she required the executors therein named to sell the real estate of which she should die possessed as soon after her decease as they should deem it expedient so to do ; and, according to the second paragraph, " out of the pro- ceeds thereof to invest the sum of one thousand dollars in some suitable and proper security at interest, and with said interest or a sufficient part thereof, to pay the necessary an- nual expenses for keeping in good order the burial plot in which my dear husband and myself shall lie buried; and if any surplus shall remain out of said interest after the pay-

ment of the aforesaid necessary expense, I will that said surplus shall be given to some poor deserving Jewish family residing in the city of New Haven." And according to the fortieth paragraph: "After the payment of each and every one of the foregoing legacies and bequests, I will that if there shall be any remainder resulting from the sale of said real property, such rest, residue and remainder shall be set apart and the principal and income thereof applied to the maintenance and support of such of my heirs at law as shall or may be in need of pecuniary assistance. The times and amount of such payment and distribution to such needy heirs is hereby left entirely to the option of my said executors, and no creditor of any such heir shall have any claim thereon; this devise being intended solely for the personal benefit, for the time being, of such beneficiary."

The executors asked the Superior Court to construe the will and determine as to the validity and effect of the second and fortieth paragraphs; and the case is reserved for the advice of this court.

As to the two uses specified in the second paragraph, it is the claim of the defendants that the first is not charitable, and that the second is not certain.

1. By statute a bequest for the care of a burial lot is put upon the same ground with a public and charitable use. Gen. Statutes, § 2951.

2. This court has determined that bequests were valid for the following uses: In "aid of such indigent, needy and meritorious widows and orphan children of the town of Winchester aforesaid as may need temporary help;" for "the special benefit of the worthy, deserving, poor, white, American, Protestant, Democratic widows and orphans residing in the town of Bridgeport;" for "the charitable assistance and benefit of indigent unmarried Protestant females over the age of eighteen residing in the city of Bridgeport;" and for the "founding a home for aged, respectable, indigent women who have been residents of the city of New London." Upon precedent, therefore, we are required to recog-

nize the validity of the bequest to a " poor, deserving, Jewish family residing in the city of New Haven."

Upon principle also. The testatrix has created a testamentary trust; has appointed the persons named as the executors of her will, trustees ; has placed in their keeping as such, a fund; has clothed them with power, and put upon them an obligation, to use the income certainly for the care of her burial lot, possibly also in part for the relief of the poor ; and has required of them the exercise of their discretion as to the time and amount of their expenditure upon the lot.

She has also vested them with power to select the family which, according to their judgment, is a member of the class specified by the testatrix, and after selection to determine when and to what amount they will expend the income or surplus for its relief.

Judicial tribunals would have assumed a responsibility, burdensome because unnecessary, if they had barred testamentary relief for the deserving poor until some human test, of absolute certainty, could be applied to the moral condition, or until physical necessities could be brought to a fixed standard applicable to all persons.

Neither this testatrix, nor the statute of charitable uses, either in language or intent, requires impossibilities of these trustees. They are appointed to no more difficult duty than, in the conscientious exercise of a discretion guided by an average intelligence, to select a family resident in New Haven, professing the Jewish faith, which but for aid from this fund would not have such food, or fuel, or clothing, or shelter, as in the common understanding in that community are necessary ; a family which, according to the speech of people, is of good report as to morality.

With full knowledge that mistakes may attend the discretion of trustees, testators continue to make them their almoners ; and as the law gives men great latitude in doing as they will with their own, even after death, there is no legal obligation upon courts to thwart their charitable in-

tents by determining that no man can know that another is poor nor believe that he is moral.

The validity of a trust for public and charitable uses is not affected by the fact that two or more such uses may be made dependent upon one fund, even where the creator of the trust has not established an absolute rule for division, if he has clothed the trustee with power to establish the proportion from time to time at his discretion. Neither in fact nor law is there greater difficulty in apportioning upon discretion a sum between two uses, than in selecting upon discretion one individual from each of two specified classes.

In respect to the fortieth paragraph likewise, the claim of the defendants is that it is uncertain and indefinite; also that it violates the statute against perpetuities. But what has been said as to the second paragraph is equally true of the fortieth.

The executors are trustees here also, with power, and under obligation, to exercise their discretion by selecting as beneficiaries some member or members of a class, namely, of the heirs of the testatrix, who may be in need of pecuniary assistance according to the rule hereinbefore laid down; with power and under obligation likewise, after selection, to exercise their discretion as to time and amount of assistance.

Those persons living at the death of the testatrix who, if she had died intestate, would under the statute for the distribution of intestate estates have taken a portion of her estate, constitute the class from whom the beneficiaries are to be selected.

The testatrix having used no words of postponement, it is presumptively her intent that this trust should go into operation simultaneously with her will; presumptively her intent to make the trust valid rather than void. Therefore the class is to consist of persons in being at the death of the testatrix; closed forever at that moment; therefore it cannot offend the statute against perpetuities.

If then there was, and if even yet there is, no member of that class in "need of pecuniary assistance" according to

the rule laid down, it yet remains the duty of the trustees to hold the fund to await the possibilities of the future ; to exhaust it, principal and interest, if necessary to meet the requirements of the testatrix; the trust to terminate when the fund shall be exhausted or the class shall cease to exist.

Upon the death, resignation, or inability to act of any trustee, his place is to be supplied, as in the case of any other testamentary trust.

The Superior Court is advised that the bequests, in the second and fortieth paragraphs of Esther Ullman's will, are all valid, according to the rule above laid down.

In this opinion the other judges concurred.