Jocelyn *v.* Nott.

In this opinion the other judges concurred; except CAR-PENTER, J., who dissented.

———— ◆◆◆ ————

NATHANIEL JOCELYN, TRUSTEE, *vs.* GEORGE R. NOTT AND OTHERS.

A testatrix, expressing her desire that two pieces of land owned by her should be used, the one for a congregational church of the order and faith of the churches connected with the General Association of Connecticut, and the other, which had a dwelling-house upon it, for a parsonage in connection with such church, devised the land to trustees, directing them, if any congregational church and society of such order and faith should desire to erect a church upon the piece of land first mentioned and should in the judgment of the trustees be able to erect and maintain such a church without getting in debt, to allow them to erect the same, and on its being completed to convey such piece of land to such church and society for such purpose, and also to convey to them the second piece as a parsonage. Held that, as there was no limitation as to the time within which the application was to be made and the property conveyed, and no certainty that such an event would occur, and the property was inalienable until then, the devise was void as tending to create a perpetuity.

PETITION for advice as to the construction and effect of certain provisions in the will of Susan Trowbridge; and as to the duties of the petitioner as surviving trustee of certain property under the will; brought to the Superior Court in New Haven County, and reserved on facts found for the advice of this court. The respondents were heirs at law of the testatrix. The case is fully stated in the opinion.

*L. H. Bristol*, for the petitioner.

*C. R. Ingersoll*, for the respondents, contended that the devise to the trustees was void as tending to create a perpetuity; citing Lewis on Perpetuities, 478, 481; 1 Jarman on Wills, 219, 265; Perry on Trusts, §§ 379, 381, 382; *White v. Fisk*, 22 Conn., 31; *Brattle Square Church v. Grant*, 3 Gray, 153; *Fosdick v. Fosdick*, 6 Allen, 41; *Odell v. Odell*,

10 id., 1; *Beekman* v. *Bonsor*, 23 N. York, 298; *Phelps* v. *Pond*, id., 69; *Levy* v. *Levy*, 33 id., 97; *Bascom* v. *Albertson*, 34 id., 584; *Holmes* v. *Mead*, 52 id., 338; *Martin* v. *Margham*, 14 Sim., 230; *Commissioners of Charity Donations* v. *De Clifford*, 1 Dru. & War., 254.

CARPENTER, J. The testatrix gave, devised and bequeathed to the petitioner and two others, two pieces of land, which are particularly described in the will, and also all the rest, residue and remainder of her estate, in trust and confidence to hold the same upon the following trusts, namely—

"First: To invest and keep invested all said rest and residue and remainder of my estate and the income accruing therefrom, after paying therefrom the necessary expenses of said trust, to invest and so to allow said rest, residue and remainder of my estate to accumulate until such time as such trustees shall dispose of the same in the manner hereinafter directed.

"Second: And whereas it is my wish that a congregational church, orthodox, according to the faith, order and discipline of the congregational churches in Connecticut, connected with the General Association of Connecticut, shall be permanently located upon and occupy with their meeting-house the first of said pieces of land in this sixteenth paragraph of my will devised to said trustees, now therefore I direct that whenever any such congregational church, orthodox as aforesaid, and the ecclesiastical society connected therewith, shall desire to erect upon said first described lot of land a meeting-house, for the worship of God, according to the usage of the congregational churches of Connecticut, connected with the General Association of Connecticut, and said trustees shall be satisfied that said church is permanently established, and that said church and society have the ability with the aid of the rest and residue of my estate, hereinafter directed to be given to them, to build and complete upon said first described piece of land a substantial and convenient meeting-house, and to pay for said meeting-house in full and be free from debt, then to allow such church and society to erect such a meeting-house

upon said first described lot of land; and when said meeting-house is completed, to convey and transfer all the rest and residue of my property and estate in this sixteenth paragraph of my will devised and bequeathed to said trustees, and all accumulations thereof, except said above described two lots of land, to said society, and also to convey to said society or to the legal corporation connected with said church, said lot of land first in this sixteenth paragraph of my will devised to said trustees, subject to such conditions, if any, as said trustees shall deem expedient."

The third clause in the sixteenth paragraph directs that the second lot of land therein described shall be conveyed to said corporation, upon such conditions and limitations, if any, as said trustees shall deem expedient. The testatrix then adds: "It being my wish and intention that said dwelling-house and lot of land should be occupied and used by said church and society for a parsonage, for the use of the pastor of said church. And until such time as said dwelling-house and lot of land on which said house stands, shall be conveyed by said trustees to said society, I direct said trustees to allow Sally Howell and Betsey Howell, or either of them, to occupy one-half of said dwelling-house on Martin Street, free of rent, and to allow Charles Nott to occupy the other half of said dwelling-house for himself and his family free of rent, and in case neither said Sally and Betsey Howell nor said Charles Nott should desire to occupy said dwelling-house, or any part thereof, then to rent the same, or such unoccupied part thereof, from time to time, until the same shall be conveyed to said society as aforesaid, and the income arising therefrom to use and appropriate in the manner in this sixteenth paragraph directed for the rest, residue and remainder of my estate."

The fourth, fifth and sixth clauses give certain directions to the trustees which are unimportant.

All the estate so devised, except the two pieces of land, was exhausted in the payment of debts and legacies and the expenses of settling the estate. Sally and Betsey Howell are dead, and the part of the house occupied by them is not in a condition to rent. George R. Nott, the person intended by

Charles Nott, still occupies the other part of the house. The trustee has no funds with which to repair or pay taxes, and taxes amounting to more than fifteen hundred dollars are now overdue. No application has ever been made for the benefit of said sixteenth section, and it is not probable that any such application will ever be made.

In this state of things the petitioner, the only acting trustee, brought his petition to the Superior Court for a construction of the will; and the question whether all or any part of said sixteenth section is or is not void, and whether any portion of the scheme contemplated by said section can be made legally operative, is reserved for the advice of this court.

It is obvious that the principal object of the testatrix's bounty was some congregational church and society that would comply with the conditions imposed and such other conditions as might be imposed by the trustees. No particular church is designated, but it is given to any one of a large class that may apply. Should there be more applications than one, there is no one whose duty it is to make selection; and there is no limit in respect to time. The church intended to be benefited may be one now existing, or it may be one hereafter to be organized. Application may be made and the conditions complied with at any time, and may not be for a thousand years to come. Whether made at one time or another the applications would be equally within the terms of the will. The property intended to be devised therefore may, according to the terms of the will, vest in a short time, and it may never vest.

This provision of the will therefore directly contravenes our statute against perpetuities, which provides that no estate "shall be given by deed or will to any persons but such as are, at the time of making such deed or will, in being, or to their immediate issue or descendants." All estates therefore must vest during the life time of some person in being, or the life time of the issue of some person in being. As this devise may not take effect until long after the prescribed time, and may in fact never take effect, we must hold that it is wholly void.

This will also contravenes the well settled rule of the common law, that a limitation by way of executory devise, which may not take effect within the term of a life or lives in being at the death of the testator and twenty-one years afterwards, adding in the case of a child unborn about nine months more, is void as too remote and tending to create a perpetuity. "This rule," says the Supreme Court of Massachusetts, in *Fosdick* v. *Fosdick*, 6 Allen, 41, "is imperative and perfectly well established. * * But the limitation, in order to be valid, must be so made that the estate, or whatever is devised or bequeathed, not only may, but must necessarily, vest within the prescribed period. If by any possibility the vesting may be postponed beyond this period, the limitation over will be void." The same principle applies to estates which may not vest within the period prescribed by our statute.

The fact that this may be regarded as a charitable devise does not exempt it from the operation of the rule. The common law rule and our own statute are without exception. All devises or grants, whether for charitable uses, or otherwise, must vest, if they vest at all, within the time limited. The devise in the present case is vested only in the trustees, and no interest whatever has as yet vested in the party intended to be benefited; and, as such an interest may never vest, the devise tends to create a perpetuity in the trustees, and vest in them property which is, and for all time to come may remain, inalienable. This the law will not allow.

It was manifestly not the intention of the testatrix that the property devised should vest in the trustees as their own proper estate, or that the parties who were permitted to occupy the premises should have any permanent interest therein. The interest of all these parties was temporary and incidental to the principal scheme of benefiting some congregational church. As the principal thing fails, that which is merely incidental thereto must fail with it.

It follows therefore that the property attempted to be disposed of by this section of the will is intestate estate and must be distributed to the heirs at law.

Another question reserved is, who are the heirs at law? The property in question is real estate. The testatrix inherited one-half of it from her mother, Sybil Atwater, and the other half from her sister, Harriet Trowbridge. Under our statute requiring ancestral estate to be distributed to the blood of the ancestor from whom the estate was inherited, we think that one half the estate should be distributed to Isaac Trowbridge or his assigns, he being the next of kin to Harriet Trowbridge, and also to the testatrix, and the other half to the next of kin to the mother of the testatrix, Sybil Atwater.

In this opinion the other judges concurred.