CAROLINE C. THOMPSON ET AL., TRUSTEES, *vs.* WILSON
MARSHALL, ADMINISTRATOR, ET AL.

*First Judicial District, Hartford, May Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A testator gave certain property in trust for his granddaughter, who
was to receive the income thereof until she became twenty-five
years old, when the trustees were directed "to pay and transfer to
her the principal, if they shall then deem it best for her interest;
but should she die before receiving the same," the trust was to
continue for the benefit of her lawful issue. A subsequent clause
provided that if the granddaughter, in the judgment of the trus-
tees, should be "incapable of managing her affairs" when twenty-
five, the trust was to continue until they should determine her to
be capable, when the principal was to become hers absolutely. The
granddaughter survived the testator and was more than twenty-five
years old when she died, and was fully capable of managing her
affairs; but no demand was made by her upon the trustees for a
transfer of the property, and it remained in their hands at the date
of her decease. In a suit to construe the will it was *held :* —
1. That the beneficial interest vested in the granddaughter at the death
of the testator, and the entire estate, free from the trust, when she
reached the age of twenty-five years.
2. That in order to have continued the trust beyond the prescribed
age of the granddaughter, an affirmative judgment by the trustees,
to the effect that she was then incapable of managing her affairs,
would have been necessary.
A devisee of an estate in fee may be said to "receive" the estate at the
time he becomes entitled to receive it.

Argued May 22d—decided July 13th, 1900.

SUIT to determine the validity and construction of certain
portions of the will of Phineas T. Barnum, late of Bridge-
port, deceased, brought to the Superior Court in Fairfield
County and reserved by that court, *Roraback, J.,* upon the
facts stated in the complaint, for the consideration and ad-
vice of this court.

The plaintiffs are the trustees named in the fifth clause of
article two of a codicil dated May 24th, 1889, to the will of

---

*Transferred from third judicial district.

the late Phineas T. Barnum. That article of the codicil says: "Article II. All the rest and residue of my estate, real and personal, remaining after the payments of all my debts, legacies and gifts, and the satisfaction of all annuities and testamentary provisions, I give, bequeath and devise as follows: . . . 5. One-ninth thereof to my daughter, Caroline C. Thompson, and my grandson, Clinton H. Seeley, in trust, to hold and invest the same and all other estate coming to them, as trustees for my granddaughter, Jessie B. Seeley, and expend and apply so much of the income or of the principal thereof, as they deem best, for the sole use and benefit of my said granddaughter, Jessie B. Seeley, until she shall reach twenty-five years of age, and then to pay and transfer to her the principal, together with all the accrued income, if they shall then deem it best for her interest; but should she die before receiving the same, then this trust is to continue for the benefit of her lawful issue, if any, until they each shall reach twenty-five years of age, and then the said trustees shall transfer and convey the principal to such issue, to be theirs forever; and should she die without leaving such issue surviving her, then the said principal and income shall go to her surviving brothers, Clinton H. Seeley and Herbert B. Seeley, or the survivor of them, to be theirs and their heirs and representatives forever.

"One-ninth thereof to said Caroline C. Thompson and Clinton H. Seeley, in trust, to hold and invest the same and all other estate coming to them as trustees for my grandson, Herbert B. Seeley, under this codicil safely, and expend so much of the income thereof or of the principal as they deem best, for the use and benefit of my said grandson, Herbert B. Seeley, until he shall attain the age of twenty-five years, and then to pay and transfer said one-ninth part to him, together with all unexpended income, if they deem best for his interest. Should he die before receiving the same, this trust is to continue for the benefit of his lawful issue, if any, until they each shall attain the age of twenty-five years, and then to go to such issue forever; but if he shall die without such issue, then said share and unexpended income shall go to his

surviving brother, Clinton H. Seeley, and sister, Jessie B. Seeley, or their legal representatives forever."

The remaining part of said clause creates another trust fund for Herbert B. Seeley, a brother of Jessie B., precisely like the one created for her.

The sixth clause of the said section is as follows: "6. In respect to the shares given in trust as aforesaid for the use and benefit of said Jessie B. Seeley and Herbert B. Seeley, it is my will, and I hereby expressly provide, that should either of my said grandchildren, Jessie B. Seeley or Herbert B. Seeley, be incapable of managing her or his affairs for any cause, in the judgment of said trustees or their successors, when she or he shall attain the age of twenty-five years, then such trust is to continue as before until such time as said trustees shall determine that she or he (as the case may be) is capable of managing her or his affairs, when they are to pay the principal and income to her or him, to be hers or his forever."

The fifth paragraph of the complaint in this case is as follows:—

"5. When said Jessie B. Seeley (Marshall) arrived at twenty-five years of age, she was a young woman of more than ordinary mental capacity, and in the judgment of said trustees she was then and ever afterwards during her life capable of managing her affairs. Had she then demanded her property, the trustees would have transferred the same to her and thereby executed all the powers and trusts conferred upon them by the will of Phineas T. Barnum, they fully believing that she had the right to have the discretion resting in them, if any, exercised on their part so as to transfer said estate, but she did not at that time and never in her lifetime did demand said transfer, nor was the same ever made, except in part, as hereinafter set forth; and as most of said trust property was in large blocks of real estate which it was difficult to divide, it was with her full acquiescence and consent allowed to remain in the hands of said trustees, but without any intention on her part or the part of the trustees to in any way prejudice her in her rights under the pro-

visions- of said will. The difficulty of dividing said- property was no other than the difficulty that necessarily inheres to the joint ownership of real estate. The trustees held and still continued to hold said property, and this was substantially the situation when suddenly and unexpectedly said Jessie B. Seeley Marshall died on August 6th, 1897, soon after giving birth to her first and only child, Wilson Marshall, Jr. At the time said Jessie B. reached twenty-five years of age, the improvement of the land on which the Court Exchange, so-called, now stands, the same being a part of said trust property, was contemplated, but neither of the parties interested could alone carry out the same, as it required an outlay of over $100,000. On October 24th, 1896, said trustees conveyed to her an undivided one-third interest in said Court Exchange, and she joined in a mortgage of $50,000, given to secure her and the others' joint note for that amount on said property.

"Soon after said Jessie B. reached twenty-five years of age, said trustees transferred and paid over to her out of said trust fund various securities and sums of money aggregating at least $24,430.74. "

Mr. Barnum, the testator, died on the 7th day of April, 1891. The said Jessie B. Seeley was born on the 11th day of September, 1869, and was married to Wilson Marshall on the 1st day of June, 1893. A child, Wilson Marshall, Jr., was born to her on the 6th day of August, 1897, and she died on the same day. Wilson Marshall has been appointed administrator on his wife's estate and guardian for his minor son.

The plaintiffs ask the advice of the Superior Court upon the following questions: "1. To advise and order them as to whether or not they shall hold and manage said trust property until said Wilson Marshall, Jr., shall arrive at twenty-five years of age. 2. Whether or not they can now transfer and pay over said trust property to said Wilson Marshall, as administrator of the estate of said Jessie B. Seeley Marshall, deceased, to be inventoried and administered by such administrator as a part of her estate, or to any other person or persons, and relieve themselves and be fully discharged from

said trust. 3. To grant such further and other order, advice and relief in the premises as to justice and equity appertains."

*Curtis Thompson*, for the plaintiffs.

*Morris W. Seymour*, with whom was *Howard H. Knapp*, for Wilson Marshall, Administrator.

*Goodwin Stoddard* and *Arthur M. Marsh*, for Henry P. Clarke et al.

ANDREWS, C. J. The three questions which are reserved for the advice of this court may conveniently be considered as one: Did the property bequeathed to Mrs. Marshall, then Jessie B. Seeley, vest in her when she became twenty-five years of age? If it did, then the whole case becomes very simple: it was her estate and must be settled according to law. And upon the facts set forth in the record we are very clearly of the opinion that it did. The beneficial interest vested in her at the death of the testator, and the entire estate, free from the trust, when she became twenty-five years old. The case of *Newbury* v. *Hinman*, 49 Conn. 130, is in point, and is decisive of this case. There a testator said: " I give and devise to *C* in trust for my son *L* one thousand dollars, the interest to be used for his benefit until of lawful age, then the principal to be his or his heirs and assigns forever." *L* survived the testator but died before arriving at lawful age. This court held that the property vested in *L* at the death of the testator, and that his administrator was entitled to demand and receive it of the trustee. The cases cited in the opinion in that case abundantly sustain the decision. See also *Dale* v. *White*, 33 Conn. 294.

But the language of the will really leaves no room for construction. By its terms a certain portion of the testator's estate is given in trust for the benefit of his granddaughter— Jessie B. Seeley—the income to be applied for her " use and benefit . . . until she shall reach twenty-five years of age,

and then to pay and transfer to her the principal, together with all the accrued income." When Jessie B. Seeley reached the age of twenty-five years the trust ceased as to her, unless that condition of things in respect to her was found to exist upon which the will provides that the trust should continue: that, "in the judgment of the said trustees or their successors, she should be incapable of managing her affairs." This provision of the will required, in order to continue the trust, an affirmative act of judgment by the trustees, at the time she became twenty-five years old, to the effect that she was incapable of managing her affairs. *Seeley* v. *Hincks,* 65 Conn. 1. In the absence of such an affirmative act of judgment the trust ceased. The facts in the record show not only that there never was any such act of judgment by the trustees, but that on the contrary they by their acts adjudged that she was entirely capable of managing her affairs. In this condition the command of the will to the trustees was to pay over to Jessie B. Seeley the principal of the fund which they held for her, together with all the accrued interest.

It appears that as to a considerable portion of the property in their hands and belonging to said Jessie B. Seeley, the trustees had not done any formal act of passing the title to her. Counsel for the trustees suggest that "she died before receiving the same," and that therefore the trust continues until her child reaches twenty-five years of age. This suggestion is without force. The words cited from the will evidently refer to the death of Jessie before she should reach the age when the trust was to cease. Besides, in the common understanding, as well as in the contemplation of the law, Mrs. Marshall, being the devisee of an estate in fee simple absolute, "received" that estate at the moment when she became entitled to receive it. *Johnes* v. *Bears,* 57 Conn. 295; *Harrison* v. *Moore,* 64 id. 344, 348; *Morris* v. *Bolles,* 65 id. 45; *Chase* v. *Benedict,* 72 id. 322.

The Superior Court is advised that the portion of Mr. Barnum's estate named in the clause of his will mentioned in the complaint, vested in Jessie B. Seeley in her lifetime and

is now her estate, and to make such order in the premises as is necessary and proper to carry the will into legal effect.

No costs to be taxed in this court in favor of either party.

In this opinion the other judges concurred.