THE MORTON TRUST COMPANY, TRUSTEE, *vs.* SIMEON B. CHITTENDEN ET ALS.

Third Judicial District, Bridgeport, June Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

A will gave the residuum of personal estate to the testator's widow for her life, and after her death to a trustee "for the use & benefit of my daughter" Sophia and "for her children during their minority," directing that the income should be paid to Sophia during her life, and, if she should die leaving children under twenty-one years of age, it should be used by the trustee for the benefit of said children; the trustee also had power to use a part of the principal if it should be needed "to give" Sophia "and her children" comfortable support. The will then provided: "If after the death of my daughter Sophia and her son Charles H. Bonesteel should be living, and attained to the age of twenty-five years then I give & devise to him one equal and undivided half," and "in like manner" to Mary Bonesteel, daughter of Sophia, "when she shall attain to the age of twenty-one years, the other onehalf." A later section of the will referred to the trust as being "for the use & benefit of" Sophia "and her children." Sophia survived the widow, and Charles H. Bonesteel died before Sophia, having reached the age of twenty-five years before his death. *Held* that in view of the fact that the will expressly declared an intention to dispose of the entire estate, that it made no alternative bequest for the event of Charles H. Bonesteel's dying before Sophia, and that the bequest to Mary Bonesteel, which was clearly vested, was said to be given "in like manner" with that to Charles H. Bonesteel,—the clause above quoted gave to him a vested in-

terest, subject to the life interest of Sophia, which, upon Charles' death, became a part of his estate.

In an action by a testamentary trustee for the construction of the provisions of a will, courts will not give advice as to the title to property which forms no part of the trust estate.

Argued June 2d—decided August 3d, 1908.

SUIT by a testamentary trustee to determine the validity and construction of the will of Sherman Hartwell of Bridgeport, deceased, brought to and reserved by the Superior Court in Fairfield County, *Robinson, J.,* upon the facts and questions of law stated in the complaint, for the advice of this court.

*Goodwin Stoddard, Arthur M. Marsh, Sanford Stoddard* and *Henry B. Stoddard,* for the plaintiff.

*William B. Boardman,* for the defendants Simeon B. Chittenden *et als.*

*Robert G. DeForest,* for himself, individually, and as administrator upon the estate of Sherman Hartwell.

*Samuel F. Beardsley,* for the defendants Comete L. H. Stead *et al.*

*Robert E. DeForest,* for the defendants Mary Hartwell Bonesteel *et als.*

HALL, J. The plaintiff trust company, organized under the laws of the State of New York, was by the Court of Probate of Bridgeport appointed to execute the trusts created by the will of Sherman Hartwell of Bridgeport, who died in 1876.

There survived said testator, his widow, Sophia Todd Hartwell, a daughter, Sophia Hartwell Bonesteel, wife of John N. Bonesteel, and their two children, Charles Hartwell Bonesteel and Mary Bonesteel Knight, and also the issue of each of three deceased daughters of the testator.

The widow, Sophia Todd Hartwell, died in 1882. The daughter, Sophia Hartwell Bonesteel, died in 1907. Charles Hartwell Bonesteel died intestate in 1902, having attained the age of twenty-five years, leaving three children. Samuel B. Chittenden, one of the defendants, is the administrator of the estate of said Charles Hartwell Bonesteel. Mary Bonesteel Knight survived her mother, Sophia Hartwell Bonesteel, and attained the age of twenty-one years before her mother's death,

The following portions of the will of said Sherman Hartwell are material to the questions presented by this case :—

" I, Sherman Hartwell, . . . publish and declare this My last Will & Testament, in manner and form following giving, bequeathing and devising all my real and personal estate."

" 4th. I give & bequeath to my daughter Sophia H Bonesteel at my decease during her life, the free use and improvement of my house & Lot & the furniture therein, it being House & Lot No. 310 Carlton Avenue. City of Brooklyn, & State of New York—Subject to the use, also of her husband free of rent, so long as he shall make it a residence for himself and family."

" 7th. On the decease of my Wife, Sophia T Hartwell. I will order and direct that all that remains of my Estate not disposed of in this Will, be divided into three equal parts by my Executors, or the Survivor of them, & I will order & bequeath and devise the same as follows—One third part I give & bequeath in trust, for my daughter Sophia Bonesteel, the same to be safely kept by Simeon B Chittenden of Brooklyn, State of New York, who I hereby constitute and appoint Trustee of all real & personal Estate set apart for the use & benefit of my said daughter Sophia Bonesteel, and for her children during their minority—Said Trustee to collect interest & dividends & pay Taxes and insurance on House No. 310 Carlton Avenue Brooklyn, and the balance pay half yearly to my said daughter Sophia—and if circumstances should be such that my said daughter should need a part of the principal,

to give her and her children a comfortable support, then said Trustee is hereby authorized to furnish it—In the event that my said daughter Sophia should die leaving child or children under twenty-one years of age—then the income shall be apportioned by said Trustee for the use and benefit of said children, and if it should appear right & reasonable that one child should receive more than his proportion of the income then he is hereby authorized so to divide it.—If after the death of my daughter Sophia and her Son Charles H Bonesteel should be living, and attained to the age of Twenty-five years then I give & devise to him the one equal and undivided half of the Brooklyn house No. 310 Carlton Avenue—and one equal half of the unexpended part of the personal Estate set apart for his mother—and in like manner I give & devise to Mary Bonesteel, daughter of my daughter Sophia, when she shall attain to the age of twenty one years, the other onehalf of the Brooklyn House No. 310 Carlton Avenue, and the onehalf of the personal Estate, not used, of that part set apart in this Will for her mother—. . . "

" 11th. If an all wise Providence should remove by death Simeon B Chittenden who I have by this will made Trustee of that part of my Estate set apart for the use & benefit of my daughter Sophia Bonesteel and her children before said trust is fully settled—. . . "

The personal property constituting the principal of the trust estate created by said will, now held by the plaintiff, is of the value of about $60,000. The plaintiff, by this action, propounds to the Superior Court this question: " To whom, under paragraph 7 of said will, and the facts as set out above, the share of said trust fund which Charles Hartwell Bonesteel would have taken, had he survived the said Sophia Bonesteel and attained the age of twenty-five years, should be distributed by the plaintiff."

The administrator of the estate of said Charles Hartwell Bonesteel, the latter's three children, and others, claim that by said language of the seventh clause of the will an estate in remainder in fee in an undivided one half

of the Brooklyn house, No. 310 Carlton Avenue, and in one half the unexpended part of the personal estate, so given in trust for the benefit of his mother during her life, vested in said Charles Hartwell Bonesteel at the death of the testator, subject to said life interest of his mother and the interest of his father given by the fourth paragraph of the will, and that it is now a part of the estate of said Charles Hartwell Bonesteel, and should be delivered to his administrator to be so distributed.

Other parties in interest claim that the estate in remainder so given Charles Hartwell Bonesteel was contingent upon his surviving his mother, and that, not having survived her, it became, upon her death, intestate estate of said Sherman Hartwell, and that it should be delivered to his administrator *d. b. n. c. t. a.* for distribution as such.

These considerations support the first of the two constructions contended for. It is clear that the testator intended by the provisions of his will to dispose of all his property, real and personal, for he has so expressly declared in the instrument itself. While such expressed intention does not necessarily control the construction to be placed upon the language in question giving the remainder to Charles Hartwell Bonesteel, it is of weight in determining the meaning of the somewhat ambiguous terms of such gift, and especially when considered in connection with the absence of any gift over in case Charles should not survive his mother.

Again, the same seventh clause of the will, which gives an estate in remainder to Charles, gives to his sister Mary an unquestioned vested remainder in the remaining one half of the same real estate and trust property, one half of which is given in remainder to Charles, and such remainder is expressly described in the will as given "in like manner" with the gift and devise to Charles, which immediately precedes it.

Further, in the eleventh clause of the will, the testator refers to the trust estate so given in remainder to his two grandchildren, Charles and Mary, after the death of their

mother, as " that part of my Estate set apart for the use & benefit of my daughter Sophia Bonesteel and her children."

The words, " if after the death of my daughter Sophia and her Son Charles H. Bonesteel should be living, and attained to the age of Twenty-five years then I give," etc., are ungrammatical and of uncertain meaning. If they are to be interpreted as creating a gift to Charles contingent upon his surviving his mother, there would be ground for the claim that the remainder so created was also contingent upon his attaining the age of twenty-five years, after he had survived his mother, a condition which it is difficult to believe the testator could have intended to impose.

We think it was the intention of the testator to give to his grandchildren Charles and Mary like interests and estates in the Brooklyn house and in the trust property, excepting as regards the age at which they should respectively receive the possession and enjoyment of such estates ; that the remainder to Charles vested in him at the death of the testator ; and that by the words just quoted of the seventh clause of the will, it was intended that Charles should have the possession and enjoyment of the estate so devised to him, when, after the death of his mother and the termination of his father's interest in the Brooklyn house, Charles had attained the age of twenty-five years.

The Brooklyn house, No. 310 Carlton Avenue, forms no part of the trust property described in the seventh clause of the will. The trustee has had no title to it or interest in it, excepting as he was required to pay the taxes and insurance upon it from the trust funds. The only property given in trust by the seventh clause is described in that clause as a one third part of " all that remains of my Estate not disposed of in this Will." The Brooklyn house was disposed of by the gift of the life estate in it, to the testator's daughter Sophia, by the fourth clause of the will, and of the remainder in fee to Charles and Mary by the seventh clause.

Our advice to the Superior Court and its direction to the trustee must be limited to the disposal of the trust

property, and we advise that court to direct the plaintiff
trustee to pay and deliver one half of the same, less lawful
costs and charges, to the administrator of the estate of
Charles Hartwell Bonesteel, deceased, to be distributed as
part of his estate.

No costs will be taxed in this court.

In this opinion the other judges concurred.