NICHOLAS S. HILL, 3D *v.* MARTIN J. BIRMINGHAM, EXECUTOR, ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 6—decided July 13, 1944.

*Sheldon B. Smith,* with whom was *Warren A. Schenck* of the New York bar, for the appellant (plaintiff).

*David S. Day,* for the appellee (defendant The Chase National Bank, Executor and Trustee).

*John V. Donnelly,* pro se, as guardian ad litem for the unborn issue of Isabelle H. Guthrie and Nicholas S. Hill, 3d.

*Martin J. Birmingham* of the New York bar appeared pro se as executor under the will of Florence A. H. Wright.

*Edwin F. Morse* appeared for the appellee (defendant Nicholas S. Hill, 4th).

*Edward L. Kelly* appeared on the brief for the appellee (defendant Princeton Bank & Trust Company, guardian).

MALTBIE, C. J. In this action for a declaratory judgment, the plaintiff, son of Nicholas S. Hill, Jr., sought to have determined his rights in the estate of his father, who died testate. He has appealed from the judgment of the trial court. It is somewhat difficult from the record and the brief of the plaintiff to determine precisely what he claims, but, if we give to his apparent contention its broadest scope, his position seems to be that a gift of the income of a trust fund to the testator's grandchildren after the death of his widow and of the principal of the fund when the youngest grandchild should reach the age of twenty-five years was void because it violated the rule against perpetuities, and that, as this gift was of a fund con-

stituting the residue of the estate, the property became intestate and distributable to the testator's heirs-at-law, of whom the plaintiff would be one. On the other hand, the questions propounded in the complaint raise no issue as to the validity of a gift in the will to the issue of any of the testator's grandchildren who might die before the time for the distribution of the fund, or, if such gift be invalid, as to the effect this would have upon the distribution of the property. The answers given by the trial court to the questions in the complaint were largely determined by its conclusion that the gifts to the grandchildren were not invalid as perpetuities, and the only attack upon the judgment by the plaintiff before us is as to the correctness of that conclusion.

In the fourth article of his will, the testator gave $50,000 to trustees with provisions that the income should be paid to his widow for her life and that, at her death, the principal should be paid "into the trust fund established for the benefit of my grandchildren" in the thirteenth article. In the twelfth article of the will, he gave the residue of the estate to a bank and the testator's wife as trustees, directing that the income be paid to her for her life. In the thirteenth article, he provided that at her death the bank as surviving trustee should "pay the principal of the above trust fund into a trust, in equal shares, per capita and not per stirpes, for the benefit of my grandchildren"; that the bank and the testator's daughter, Mrs. Guthrie, should be trustees of this fund; that the income should be paid to her "to be used in equal shares for the benefit of my grandchildren as may in her judgment be deemed proper"; and that the trustees or the surviving trustee should "pay the principal of this trust fund to each of my grandchildren, in equal proportion, when the youngest of my grandchildren

then living shall have reached the age of twenty-five years," but that, if any of his grandchildren had died before that time leaving lawful issue surviving, the share of the trust fund which would have gone to that grandchild should be paid to the issue.

The will was executed in 1932, and the testator died in 1936. He left surviving him his widow, his son, who is the plaintiff, his daughter, who is Mrs. Guthrie, and four grandchildren. When the testator died, the plaintiff was thirty-eight years of age. He had been married and divorced, and at the time the will was executed had remarried. One of the testator's grandchildren was a son born to the plaintiff by his first wife in 1923. At the death of the testator Mrs. Guthrie was forty years old, and was and still is a widow. The other three grandchildren of the testator were her children, born respectively in 1922, 1924 and 1925. The testator's widow was alive when this action was begun but has since died.

The gift to the testator's grandchildren was a class gift. *Westport Paper-Board Co., Inc.* v. *Staples*, 127 Conn. 115, 124, 15 Atl. (2d) 1. It is not necessary for the solution of the problem before us to decide whether the class closed when, at the death of the testator's widow, the fund was to be paid into a trust for the grandchildren "in equal shares." No grandchild could be born to the testator later than the time when the survivor of his son and daughter died, with a possible addition of nine months representing the period of gestation, and consequently the class would necessarily close at that time. The period limited by the rule against perpetuities is a life or lives in being at the death of the testator and twenty-one years thereafter, with an extension of nine months, if necessary, to cover the period of gestation. *Jocelyn* v. *Nott*, 44 Conn. 55, 59; *Wilbur* v. *Portland Trust Co.*, 121 Conn.

535, 537, 186 Atl. 499; 41 Am. Jur. 50. Any interest which vested within the period when grandchildren could be born to the testator would not offend against the rule. This would necessarily be so with reference to the right of grandchildren, though born after the testator's death, to receive income from the fund. While the grandchildren could not enjoy the principal until the youngest became twenty-five years of age, that would not postpone the vesting of the right to receive it. *Thompson* v. *Marshall,* 73 Conn. 89, 93, 46 Atl. 825; *Sterling* v. *Ives,* 78 Conn. 498, 511, 62 Atl. 948; *Morton Trust Co.* v. *Chittenden,* 81 Conn. 105, 110, 70 Atl. 648; *First National Bank* v. *Somers,* 106 Conn. 267, 273, 137 Atl. 737. The rule against perpetuities is concerned with the right to succeed to property; *Bryant* v. *Hackett,* 118 Conn. 233, 241, 171 Atl. 664; and the fact that, as in this case, the time when the beneficiaries may come into enjoyment of it is beyond the period fixed in the rule does not make the gift invalid. *Connecticut Trust & Safe Deposit Co.* v. *Hollister,* 74 Conn. 228, 232, 50 Atl. 750; *Hoadley* v. *Beardsley,* 89 Conn. 270, 282, 93 Atl. 535; *Shepard* v. *Union & New Haven Trust Co.,* 106 Conn. 627, 634, 138 Atl. 809. The death of a grandchild before the time to distribute the principal had arrived would, at most, merely divest his interest, but it would not make the gift to him invalid under the rule. *Carpenter* v. *Perkins,* 83 Conn. 11, 16, 74 Atl. 1062; *Gaffney* v. *Shepard,* 108 Conn. 339, 345, 143 Atl. 236; *Clark* v. *Hartford-Connecticut Trust Co.,* 127 Conn. 101, 104, 14 Atl. (2d) 743.

The plaintiff particularly relies upon our opinion in *Bridgeport-City Trust Co.* v. *Alling,* 125 Conn. 599, 7 Atl. (2d) 833. In that case we said in effect that a gift over at the death of grandchildren of the testator to their lineal descendants would be void under the

rule if grandchildren born after the death of the testator were to be included. That would clearly be so, because such descendants might not be in existence within the period fixed by the rule. But here we are not concerned, as the case is presented to us, with any rights beyond those of the testator's grandchildren; and they, as we have said, would be definitely ascertained at latest within nine months of the death of the survivor of persons who were living at his death, his son or daughter.

The trial court correctly ruled that gifts to the grandchildren were not in any respect invalidated by the rule against perpetuities. As our conclusion is that there is no error, there is no need to consider the bill of exceptions filed by the defendants. *Podzunas* v. *Prudential Ins. Co.*, 125 Conn. 581, 586, 7 Atl. (2d) 657.

There is no error.

In this opinion the other judges concurred.