This is an appeal from the order and decree of the Court of Probate for the district of Westport, made and entered on the 28th day of March, 1939, approving and allowing the administration account of the executors of the last will and testament of Nicholas S. Hill, Jr., late of Westport, deceased.
The account as allowed shows on page 39 thereof, the details of which are set forth in schedule A of the account, the distribution of cash and other property in the amount of $186,124.78, with the statement "Distributed to the Trustees." The appellant objects to this payment to the trustees and alleges that the trusts established in articles fourth and thirteenth and articles twelfth and thirteenth are invalid and that therefore the executors should be directed to recover the sum of $186,124.78 from the trustees and to pay said sum to the distributees and heirs-at-law of Nicholas S. Hill, Jr., under the intestacy laws of the state of Connecticut.
The will was executed in 1932 and the testator died in 1936. He left surviving him his widow, his son, who is the appellant, his daughter, who is Mrs. Guthrie, and four grandchildren. The testator's widow was alive when this appeal was taken but has since died. The validity of the gifts to the widow of the income of the trusts created under articles fourth and twelfth of the will were challenged in the reasons of appeal, but by statement of appellant's counsel on the trial the validity of such gifts is not now in issue.
The articles of the will relating to the trust are as follows:
"FOURTH; I give and bequeath to my executors and trustees hereinafter named the sum of FIFTY THOUSAND DOLLARS ($50,000), in trust nevertheless to collect the rent, income and profits therefrom, and to pay the net proceeds thereof semi-annually, or at more frequent intervals in their discretion to my wife, FLORENCE ACHESON HILL, during *Page 47 
her lifetime. Upon the death of my wife, FLORENCE ACHESON HILL, I direct that the principal of the above trust fund be paid into the trust fund established for the benefit of my grandchildren under ARTICLE THIRTEEN of this instrument.
"TWELFTH: All the rest, residue, and remainder of my estate, of whatsoever kind and wheresoever situated, I give, devise and bequeath to my executors and trustees hereinafter named, in trust nevertheless, to collect the rent, income and profits thereof, and to pay the net proceeds therefrom to my wife, FLORENCE ACHESON HILL, in semi-annual payments or at more frequent intervals, during her lifetime.
"THIRTEENTH: Upon the death of my wife, FLORENCE ACHESON HILL, I direct that the surviving executor and trustee under ARTICLE FIFTEENTH of this my Last Will and Testament, the CHASE NATIONAL BANK OF THE CITY OF NEW YORK, shall pay the principal of the above trust fund into a trust, in equal shares, per capita and not per stripes, for the benefit of my grandchildren, and I hereby nominate, constitute and appoint the CHASE NATIONAL BANK OF THE CITY OF NEW YORK, having its home office at No. 18 Pine Street, in the Borough of Manhattan, City of New York, and my daughter, ISABELLE HILL GUTHRIE, residing at this writing at Princeton, New Jersey, executors and trustees of this trust fund after the death of my wife, FLORENCE ACHESON HILL. I hereby authorize the said executors and trustees to collect the rent, income and profits therefrom and to pay the net proceeds thereof semi-annually or at more frequent intervals at their discretion, to my daughter, ISABELLE HILL GUTHRIE, to be used in equal shares for the benefit of my grandchildren as may in her judgment be deemed proper. I further direct the surviving executors and trustees, or executor and trustee, of this trust to pay the principal of this trust fund to each of my grandchildren, in equal proportion, when the youngest of my grandchildren then living shall have reached the age of twenty-five years, and in the event that any of my grandchildren shall have died before the time my youngest grandchild shall have reached the age of twenty-five years leaving lawful issue them surviving, I direct that the shares of said trust fund that would have gone to said grandchild if living, shall be paid to the lawful issue of such deceased grandchild or grandchildren." *Page 48 
During the pendency of this appeal, the appellant on December 21, 1939, brought an action to this court for a declaratory judgment in which he alleged the invalidity of the trusts under articles fourth, twelfth and thirteenth of the will on the ground they were in violation of the rule against perpetuities. A trial was had and the court (O'Sullivan, J.) entered judgment affirming the validity of the life estates to the widow established in articles fourth and twelfth, and denying the claim that said trusts and that established in the thirteenth article were invalid by reason of the alleged violation of the rule against perpetuities. This judgment was affirmed on appeal to the Supreme Court of Errors, July 13, 1944, in Hill v. Birmingham,131 Conn. 174.
Thereafter the appellant on April 9, 1945, filed substituted reasons of appeal. The allegation that the trust set up in article thirteenth is invalid because of violation of the rule against perpetuities is dropped and it is urged that the provisions of the will creating the trust are uncertain, as stated in paragraph 6 of the substituted reasons of appeal, and also that they are in contravention of the rule against restraints upon alienation, and further that the provisions of the will creating the trust create springing and shifting uses that are unlawful.
The effect of the action for a declaratory judgment to establish rights under the will is discussed below.
In passing on the administration account the Probate Court exercised its necessarily incidental powers of construction of the will. Articles fourth and twelfth of the will set up a valid trust which required the executors to pay $50,000 and all the residue of the estate to the trustees, to hold and manage and pay the income to the widow at intervals during her life. Upon the death of the widow the principal of the trust fund was to continue in the hands of the trustees, for the payment of income to the beneficiaries named as provided in the thirteenth article. There is no question or contest as to the validity of the gifts to the widow. It was therefore proper for the Probate Court to approve the transfer of the $186,124.78 to the trustees as set forth in the account.
Because of the claims of the appellant that the trusts are void and that an intestacy has resulted, the Probate Court, and this court on appeal, may properly construe the will to ascertain whether the claim is entirely without foundation or not. *Page 49 
The court's first search is for the intention of the testator as expressed in the language of the will. This discloses an intelligible plan to make his grandchildren the beneficiaries of his residuary estate to the exclusion of his two children. The gift to the testator's grandchildren was a class gift. Hill v. Birmingham,131 Conn. 174, 177. It vested at the death of the testator in the class, subject to the opening of the class to let in afterborn children up to the date prescribed for the closing of the class. The right of possession was postponed for a short period. Upon the death of the testator's widow the trustee was directed to "pay the principal of the above trust fund into a trust, in equal shares, per capita and not per stirpes, for the benefit of my grandchildren." The court is of the opinion that the class closed, by the testator's intention and direction, at said time.
The directions to the trustees concerning the use of income for the benefit of the grandchildren, and the fixing of the time for the distribution of principal "when the youngest of my grandchildren then living shall have reached the age of twenty-five years," are in harmony with and support this construction.
Having determined the testator's intention as expressed in this will to be as above, there remain no uncertainties which invalidate the trusts. The right to succeed to the property is vested at a lawful time in a definite class. The death of a grandchild before the time to distribute the principal would, at most, merely divest his interest, but it would not make the gift to him invalid. Hill v. Birmingham, 131 Conn. 174, 178.
The claims set forth in paragraphs 6(d), (e) and (f) of the substituted reasons of appeal, that the provisions of the trust are uncertain because no provisions have been made for certain contingencies, such as the deaths of all the grandchildren, without issue, prior to the date set for distribution, etc., are premature. They are contingencies that may never happen, and are not properly before the court at this time or in this action.
The claim that the provisions are uncertain because no discretion is given to anyone except Isabelle Hill Guthrie as to the payment of income for the benefit of the testator's grandchildren, prior to the youngest grandchild reaching the age of twenty-five years, so that upon the death of said Isabelle Hill Guthrie occurring before the time of distribution of the estate *Page 50 
income would have to be unlawfully accumulated, is likewise premature. It is a contingency that may never happen, and is not properly before the court at this time or in this appeal.
However, the intention of the testator is so clear that he desired the income "to be used in equal shares for the benefit of my grandchildren" that it seems probable that the power of the court to maintain this intention and plan in effect would be successfully invoked when and if such a contingency should arise. Such an issue is not before the court at the present time.
The appellant has further claimed in the eighth and ninth reasons of appeal that the trust is invalid because the provisions thereof are in contravention of the law against restraints upon alienation. All estates legal and equitable created in the testator's will vest within the period fixed by the rule against perpetuities. The court finds no limitation upon the use, enjoyment or alienation of any specific property other than that it be held in trust for a lawful period. No assets are frozen and no productive property is rendered useless, as the trustee under article fifteenth of the will is given full powers of sale. The rules as approved in Peyton v. Wehrhane, 125 Conn. 420, andColonial Trust Co. v. Brown, 105 Conn. 261, are applicablehere.
The reasons of appeal alleging the trusts to be invalid and void because there are created springing and shifting uses that are unlawful are without merit. In any event the gift to a class as established in the will is definite and vested, and the enlargement or shrinkage in the class prior to its closing does not affect the validity of the gift or the certainty of the class. The invalidity of any substitutionary gifts over, as discussed in the contingencies submitted in appellant's brief, would not affect the vested interests of the grandchildren and would not affect the rights and privileges of the appellant. Shepard v. Union New Haven Trust Co. 106 Conn. 627.
The provisions of the will and the intention of the testator as expressed in the words he used are definite and lawful and there is no intestacy which will inure to the benefit of the appellant.
The appellees maintain that the questions raised on this appeal are res adjudicata because the appellant in the present action was the plaintiff in the declaratory judgment action and *Page 51 
asserted therein the same claim as that asserted in this appeal, namely the invalidity of the trust and the rights of the appellant to the trust res as intestate estate.
In this appeal the appellant originally alleged that the trust was invalid because it violated the rule against perpetuities. In the declaratory judgment action subsequently brought, the same claim was made and denied. Thereafter the appellant substituted reasons of appeal, claiming that the trust provisions are uncertain, that there are created unlawful and springing and shifting uses, and that the trust violates the rule against restraints upon alienation.
The trial court in the declaratory judgment case considered the actions as one in which the plaintiff was seeking a declaratory judgment to determine the plaintiff's rights in the estate of his father, Nicholas S. Hill, Jr. On appeal the Supreme Court of Errors described the action as one in which the plaintiff sought to have determined his rights in the estate of his father, who died testate, and specifically considered whether the trust provisions violated the rule against perpetuities.
The facts in each case are identical. The parties are identical. The general question was the validity of the trust provisions of the will, and whether an intestacy arose because of any invalidity thereby entitling the present appellant to share in the residuary estate as an heir-at-law. The court is of the opinion that all the questions of construction and validity otherwise properly presented in the present action were or might have been presented and determined in the action for declaratory judgment, and are no longer open to review. Antman v. ConnecticutLight Power Co., 117 Conn. 230, 236; State exrel. Compo v. Osborn, 126 Conn. 214, 218.
 For the reasons stated above the appeal is dismissed.